## HOLLAND *vs.* WHEATON.

APPEAL FROM THE COURT OF PROBATES OF THE PARISH AND CITY OF NEW-ORLEANS.

The applicant for the curatorship of a deceased person, is not entitled to the appointment on the ground that they were both members of the same lodge of Freemasons.

The payment of the tomb of the deceased, makes the person making it a creditor of the estate, not of the deceased, and does not entitle him to the curatorship.

John H. Holland, on the 6th July, 1833, filed his petition, in which he averred, that Henry Johnson departed this life on the 3d day of July, instant, within the jurisdiction of this court, and leaving property therein; that as *prochein ami* and creditor of said deceased, he was desirous of administering on his estate, according to law.

William H. Wheaton, on the same day, filed his petition, stating, that as *prochein ami*, creditor, and lately partner of said deceased, he was desirous of administering on his estate according to law.

The order of the court upon both applications, was given on the eighth of the month.

Wheaton filed an amended petition, wherein he averred, that Holland had no right to said curatorship, he being no creditor of the deceased, and that the petitioner being a creditor and most intimately acquainted with the affairs of said deceased, was entitled to said curatorship, in preference to Holland.

The amount of the estate, according to the inventory, was two thousand three hundred and thirty-three dollars and forty-one cents.

It was admitted that Holland had paid one hundred and twenty dollars for the tomb of the deceased.

*Dissard*, testified, that he was the secretary of a certain association which exists in this city, under the denomination of Knights Templars, and under the distinctive appellation of the Indivisible Friends, No. 6; the deceased, Henry Johnson, was one of the members; that John H. Holland is a member, also; that Henry Johnson is indebted to this association, in a sum of about twelve dollars.

*Dimond*, testified, that while Johnson was sick, he twice told Wheaton to go and speak with him, having understood that Wheaton was displeased at the way. Johnson had made his will; he having observed to witness, that had he been present, he had no doubt but that Johnson would have selected him to be his executor; Wheaton declined both times. Deponent, a day or two afterwards, observed to Johnson that Wheaton was displeased at the manner in

which he had made his will, to which Johnson replied, *that*
*Wheaton should never have any thing to do with his affairs.*

*Warbeck,* testified, that he had always heard Johnson speak in the highest terms of Mr. Holland as a brother mason, that he can say he viewed him in the light of a brother. Depo- nent is convinced from all he has heard from Johnson, that he had not sufficient confidence in Wheaton to have appointed him his testamentary executor.

That in a conversation he had with Wheaton, five or six days before Johnson's death, Wheaton observed to deponent, that he did not believe that Johnson owed a dollar in the world.

*Wheaton* established a claim, in a sum due to him by the deceased previous to his death, and amounting as follows, to wit: 1st, a sum of seventy-five dollars, due him by the deceased, for his share on an acceptance of the late firm of Wheaton and Johnson, paid by said Wheaton since the dissolution of the said firm, and which sum was, by written agreement between the parties at the time of the dissolution of their partnership, to be reimbursed to Wheaton.

2d, A sum of ninety dollars and sixteen cents, for his share on another acceptance of the said firm, and due to the said Wheaton, as above mentioned; these two sums making in all one hundred and sixty-five dollars and sixteen cents, and besides a sum of fifty-three dollars, amount of a promis- sory note drawn by the said Henry Johnson, to the order of J. W. Collins, and shown to have been paid by said opponent since the death of said Johnson.

The judge *a quo,* considered that the 1114th article of the *Civil Code,* which recognizes the quality of creditor as establishing a right of preference, applies to the creditors of the deceased previous to his death, and not to such persons as might after the death, become creditors of the succession.

Therefore, the sum paid by the first applicant, John H. Holland, to wit: the sum of one hundred and twenty dollars, for the tomb of the deceased Johnson, as well as the last mentioned sum of fifty-three dollurs, paid after the death of said Johnson, by the opponent Wheaton, are not to be

taken into consideration by the court in the decision of this contest; as to the sum of twelve dollars due by the deceased to the Masonic association of which he was a member, the application grounded thereon, is not sufficiently supported by this claim, it being an unliquidated debt, and the portion accruing thereon to the applicant personally, uncertain.

The application of Wheaton was accordingly sustained. Holland after an unsuccessful attempt to obtain a new trial, appealed.

*Elliott* and *Roselius,* for Wheaton, the appellee.

1. There is no benefit to be derived from priority of application in this case, the order of the court on both applications being delivered at the same time.

2. John H. Holland, as a curator of the *succession* of Henry Johnson, cannot be considered in the light that Wheaton the appellee should be, viz. a creditor of the deceased. *Art.* 1114, *Civil Code.*

Wheaton, is a creditor of Henry Johnson, deceased, in the sum of one hundred and sixty-five dollars and sixteen cents, and must be considered as having superior claims for the curatorship; and, therefore, the judgment should be confirmed.

*Preston* and *Cenas,* for Holland, the appellant.

1. The curatorship should be given to Holland, because he applied first. 1116 *Code.*

2. Because Wheaton's claims are *fictitious* and to be *contested.* He ought not, therefore, to be appointed curator.

3. The claim hunted up and paid before due, of fifty-three dollars, by Wheaton, does not entitle him to the curatorship, because it is not a credit against the deceased. 1114.

4. The claims of Wheaton on two bills of exchange, are *fictitious.*

5. No presumption results from possession of drafts, because they must be in possession of one or other.

6. He was in possession of the books and papers of the partnership.

7. Wheaton told Warbeck, Johnson did not owe a dollar in the world. That he did not mention these pretended partnership claims in his petition, affords a presumption he did not own them.

8. The buying up the fifty-three dollar note, proves he had not the other claims.

9. *Bird* misunderstood the conversation between Wheaton and Johnson, for it is entirely inconsistent with the facts disclosed by Wheaton himself and Huntingdon. So far as it proves any thing, it tends to raise presumption of payment by Johnson, of his share, because Johnson was wishing to find the drafts to pay, and if Wheaton had them, they went together to settle; because when both debtor and creditor wish to extinguish the debt and have the means, it is soon done.

MARTIN, J., delivered the opinion of the court.

The plaintiff claimed the curatorship of the estate of H. Johnson, deceased, and is appellant of a judgment, which grants it to his opponent.

He claimed the curatorship, on the ground of his having paid for the deceased's tomb, and on that of the deceased and himself being Freemasons and members of the same encampment of Knight Templars, to which the deceased was debtor about twelve dollars, for certain arrearages; lastly, on the ground of his having been the first applicant.

The appellee grounded his claim on his being a creditor for the amount of a promissory note of the deceased, and one half of the amount of two drafts in a partnership, which had theretofore existed between the deceased and himself, the whole amount having been paid by the latter out of his own private funds.

The appellant's counsel contended, that the curatorship ought to be granted to a creditor of the deceased; that the

EASTERN DIS.
_May_, 1834.

HOLLAND
_vs._
WHEATON.

appellee, having purchased the note since the death of the maker, became thereby a creditor of the estate, but not of the deceased; and efforts have been made to disprove the claim urged by the appellee, on the amount of the drafts.

The pretensions of the appellant, on the score of the Masonic tie, which is alleged to have existed between him and the deceased, are hardly deserving of a serious considera-

The applicant for the curatorship of a deceased person, is not entitled to it on the ground that they were both members of the same lodge of Freemasons.

tion. Whether all Masons, or merely those of the same lodge, are indebted in any case, or in what a first dividend of funds, what is the number of those interested in the present case, are matters which the persons can have but a faint idea of. Neither can we know, whether, before a division can take place, justice may not demand some deduction.

If masonry gives no right to the appellant, the payment for the tomb, places him, according to his own argument, among

The payment for the tomb of the deceased, makes the person making it a creditor of the estate, not of the deceased, and does not entitle him to the curatorship.

the creditors, not of the deceased, but of the estate, and even on that hypothesis, the appellee may stand on higher grounds, as subrogated to the rights of the payee of the note, who was a creditor of the deceased. We express no opinion on this, as the point is now under consideration, in a case of considerable amount in the Western Circuit.

The change in the sense of the first application, was properly disregarded.

Upon the whole, we do not think the Court of Probates erred.

It is, therefore, ordered, adjudged and decreed, that the judgment be affirmed with costs.