(76 South. 704)

No. 22664.

Succession of LANDMAN.

(Oct. 29, 1917.)

*(Syllabus by the Court.)*

APPEAL AND ERROR ☞157—DECREE APPOINT-
ING ADMINISTRATOR—COMPLIANCE WITH DE-
CREE.

A decree appointing an administrator is
provisionally executed notwithstanding an ap-
peal therefrom, and one who opposes an appli-
cation for administration, and who is appointed
joint administrator with the applicant, does not
acquiesce in the judgment thus rendered so as to
destroy his right of appeal by qualifying as ad-
ministrator within the legal delays.

It is otherwise when such opponent prays for
and obtains jointly with his coadministrator,
without legal necessity and without reservation,
an order to sell the property of the succession
in order to pay its debts; that is a voluntary
execution of the judgment, and he thereby for-
feits his right of appeal.

Appeal from Twenty-Second Judicial Dis-
trict Court, Parish of East Baton Rouge;
H. F. Brunot, Judge.

Application for letters of administration
by Mrs. Bertha Landman Freidlander, Mrs.
Rose Landman Kaufman, and another, in
the estate of Rudolph Landman, deceased,
opposed by Jonas Landman and Mrs. Rachel
Landman. From an order appointing Mrs.
Rose Landman Kaufman and Jonas Land-
man joint administrators, Jonas Landman
and Mrs. Rachel Landman appeal. Appeal
dismissed.

T. Jones Cross, of Baton Rouge, for appel-
lant Jonas Landman. Taylor & Porter, of
Baton Rouge, and Merrick, Gensler &
Schwarz, of New Orleans, for appellees
Mrs. Rose Landman Kaufman and others.

LECHE, J. Rudolph Landman departed
this life, intestate, in the city of Baton
Rouge, February 17, 1917. Mrs. Bertha
Landman Freidlander, Mrs Rose Landman
Kaufman, and Morris Landman, issue of the
first marriage of the said Rudolph Land-
man, instituted the present mortuary pro-
ceeding and applied for letters of admin-
istration, February 20, 1917.

Jonas Landman, issue of the second mar-
riage of the deceased with Mrs. Rachel
Weill, surviving widow, together with his
said mother, opposed the application, on the
ground that there was no necessity for an
administration, and prayed, in the alterna-
tive, that, should the judge conclude other-
wise, such appointment should be conferred
upon him (Jonas Landman).

After due hearing, the trial judge appoint-
ed Mrs. Rose Landman Kaufman and Jonas
Landman joint administrators of the succes-
sion. They each qualified by taking oath
and furnishing bond as required by law.

The present appeal from the order of ap-
pointment was taken jointly by Jonas Land-
man and Mrs. Rachel Landman on May 14,
1917.

On May 22, 1917, in conformity with a
joint petition of the coadministrators, the
judge entered a decree which ordered that
the stock of goods, etc., belonging to the suc-
cession and contained in the store at the cor-
ner of Main and Fifth streets in Baton
Rouge, should be sold according to law to
pay debts.

The appeal was filed in this court on June
18, 1917, and on the same day appellees
filed a motion to dismiss, on the ground
that appellants, Jonas Landman and his
mother, Mrs. Rachel Landman had acqui-
esced in the judgment from which they had
appealed.

Appellees contend that appellants have
acquiesced in the judgment appealed from
by executing it voluntarily, first when Jonas
Landman qualified as administrator, and
second when he prayed for and obtained an
order to sell certain movable property of the
succession in order to pay its debts.

Opinion.

According to the provisions of article 1059,
Code of Practice, when an appeal is taken

from a judgment appointing an administrator of a succession, such appeal shall not suspend the execution of the judgment, which shall have effect provisionally until the appeal is decided. The law further provides, in article 1041, C. C., that an administrator should qualify, under penalty of forfeiture, within 10 days of his appointment. It is then evident that when Jonas Landman qualified as administrator, and thus partly executed the judgment of which he complains in the present appeal, he was acting under legal compulsion in order to protect his rights, and in no sense was he voluntarily executing the judgment or acquiescing therein.

But it is otherwise with regard to the application which he signed jointly with his coadministrator, and in which he prayed for an order of sale of certain property to pay the debts of the succession. This act on his part was the next step in the ordinary and usual course of settling a succession, and seems to have been done voluntarily, without any legal necessity and without reserving his right of appeal. It was also a recognition on his part of the official capacity of his coadministrator whose appointment he was contesting. It is true that, in his petition for the order of sale, he incidentally says that the property is deteriorating in value; but the sole mentioned purpose of the sale is alleged to be the payment of the debts of the succession, and this we believe is a voluntary execution of the judgment and an acquiescence therein, which, under article 567, Code of Practice, destroys his right of appeal.

Mrs. Rachel Landman and her son, Jonas, seem to have pooled their interests in this proceeding, and, although the former joined her son in the motion for an appeal, she not only failed to furnish bond but became surety on her son's appeal bonds.

For these reasons the present appeal is dismissed, at the costs of appellant Jonas Landman.