LOTTINGER, Judge.
This matter is before this Court on alternate writs of mandamus, certiorari and prohibition.
Doctor David D. Thibaut filed a petition requesting notice of any petition for the appointment of a succession representative in the succession of his father, Dubourg Thibaut, pursuant to LSA-C.C.P. Art. 3091. Said petition was filed on February 14, 1969, with the Clerk of the Twenty-third Judicial District Court in Donaldsonville, Louisiana, the domicile of the decedent. On March 10, 1969, the surviving widow and remaining major heirs of the decedent filed a petition and supplemental petition nominating the Whitney National Bank of New Orleans as administrator. Doctor David D. Thibaut filed an opposition and petitioned for appointment on the grounds that he was qualified and had a legal priority to the post. After hearing duly held, the Trial Court ruled that even though the qualifications of Doctor Thibaut were “imminent to say the least” it thought “the best interest of the succession would be met by the appointment of the bank who specializes in matters of this type.” On the application of Doctor Thibaut alternative writs of mandamus, certiorari and prohibition were issued by this Court.
The Trial Judge and respondents contend that Doctor Thibaut, relator, has adequate remedies by appeal, and therefore his petition for writs should be dismissed. We had been referred to the case of Stevens v. Patterson Menhaden Corporation, 191 So.2d 692, La.App. 1st Cir. 1967, wherein we held that “the supervisory jurisdiction of appellate courts may not be invoked except in those cases where irreparable injury will otherwise result, or appeal affords an inadequate remedy.” It is conceded by respondents and the Trial Judge that there is no suspensive appeal available to Doctor Thibaut, only the devolutive appeal. We are of the opinion that inasmuch as it is conceivable that the administration of this succession could be completed prior to the determination of a devolutive appeal, writs were properly issued.
The appointment of the succession representative where more than one qualified person applies is governed by LSA-C.C.P. Art. 3098, which provides:
“When the appointment as administrator or dative testamentary executor is *854 claimed by more than one qualified person, except as otherwise provided by law, preference in the appointment shall be given by the court in the following order to:
(1) The best qualified among the surviving spouse, competent heirs or legatees, or the legal representatives of any incompetent heirs or legatees of the deceased;
(2) The best qualified of the nominees of the surviving spouse, of the competent heirs or legatees, or of the legal representatives of any incompetent heirs or legatees of the deceased; and
(3) The best qualified of the creditors of the deceased. ‘Best qualified,’ as used in this article, means the claimant best qualified personally, and by training and experience, to administer the succession.” (Emphasis added.)
It is the contention of respondents that the Trial Judge has the discretion to pick the best qualified of any and all applicants, regardless of what particular class they fall in. With this contention we do not agree. LSA-C.C.P. Art. 3098 provides that “preference in the appointment shall be given by the court in the following order.” The word “shall” in this portion of Art. 3098 is mandatory and not discretionary. With this portion of this article there can be no question but that the court must appoint “in the following order.” Secondly, the language “in the following order” sets up a priority of appointment.
First, from “among the surviving spouse, competent heirs or legatees, or the legal representatives of any incompetent heirs or legatees of the deceased,” if more than one has applied and more than one is qualified, the Trial Court here has the discretion to select the best qualified. If only one from this group has applied and is qualified, the Trial Court has no discretion but to appoint, regardless of whether there are any applicants from groups two and/or three.
Secondly, if none from the first group has applied, then the Trial Court has the discretion of choosing the “best qualified of the nominees of the surviving spouse, of the competent heirs or legatees, or of the legal representatives of any incompetent heirs or legatees of the deceased”. But further, if none from the first group has applied, and only one from the second group has applied, then the Court must appoint the nominee from the second group.
The third and final group is that “of the creditors of the deceased”. The same would hold true for this group as for the second.
The official revision comments give us the following insight into this article:
“(a) Heretofore, the priority in appointment rested upon either: (1) close relationship, or (2) interest in the succession. If one of the competing applicants had the highest priority, he had to be appointed by the court whether he was qualified for the office or not. The court’s authority for selecting the best qualified applicant for appointment was applicable only when two or more beneficiary heirs applied for appointment. Otherwise, appointment depended entirely upon the particular class into which the applicant fell; and if two or more applicants belonged to the same class, then upon the one who filed his application first.
The above article places more emphasis upon the qualifications for the office. While it retains a priority based upon close relationship and interest, it permits the court, to some extent, to select the best qualified of the applicants, and broadens the base of selection by permitting the surviving spouse' and competent major heirs to nominate qualified third persons for the office. Appointment is to be made on the basis of qualifications, without regard to who may have filed the first application.”
*855 These comments point out that even though more emphasis is placed upon qualifications, a priority system is retained.
The Trial Judge found both Doctor Thibaut and the bank to be qualified, and therefore since Doctor Thibaut was of a higher priority than the bank, the Trial Court had no discretion but to appoint Doctor Thibaut.
Therefore, for the above and foregoing reasons, the alternative writ of mandamus issued by this Court on April 14, 1969, be and the same is hereby made peremptory, and the Honorable Leon J. LeSueur, Judge of the Twenty-third Judicial District Court for the Parish of Ascension, be and he is hereby ordered to recall and annul his judgment of March 28, 1969, appointing the Whitney National Bank of New Orleans as administrator of this succession and to appoint Doctor David D. Thibaut as administrator.