STOULIG, Judge.
Appellant, Edward G. Koch, Jr., has appealed a judgment setting aside his appointment as sole administrator of the Succession of Edward G. Koch and naming him and his brother Martin R. Koch co-administrators of the estate. Appellee, Martin Koch, expresses his displeasure at this arrangement in brief, but does not seek modification of the joint appointment.
Edward G. Koch died May 22, 1978 and on June 1, 1978 his son Martin filed a petition in Civil District Court for the Parish of Orleans under C.C.P. art. 3091, requesting notification of any applications for appointment as administrator of this estate. C.C.P. art. 3093 requires the applicant for appointment as administrator to notify the party designated in the petition for notice of the date and hour assigned by the court *741 for a hearing on the application. Failure to give such notice subjects the administrator to the penalty of removal from office (C.C.P. art. 3182).
The following day, June 2, 1978, Martin R. Koch petitioned to be appointed administrator and the court signed an order directing letters of administration issue to him on complying with the requisites of the law.
On June 13, 1978 (the day following the 10-day qualifying period), appellant, Edward G. Koch, Jr., filed a motion to revoke the appointment of Martin R. Koch for his failure to qualify as administrator of the succession within 10 days after his appointment and to appoint mover as administrator of the succession. On the same date the court summarily issued an ex parte order removing Martin Koch as administrator and appointed Edward G. Koch, Jr., in his stead. The court is empowered under C.C.P. art. 3181 to revoke the appointment of an administrator who fails to qualify within 10 days of his appointment; however, the procedure for removal of an administrator is prescribed in C.C.P. art. 3182, which mandates a contradictory proceeding. It therefore follows that the ex parte removal of Martin Koch was improper.
On June 16, 1971 (some three days later), Martin Koch filed a motion to set aside the appointment of Edward Koch, Jr., and to be reappointed. The basis of this motion was two-fold: first, the ex parte removal of Martin was improper; and second, Edward, Jr., failed to comply with the request for notice to Martin of his application as administrator. When this rule was heard, the trial judge appointed both brothers as co-administrators.
We affirm this result. The sworn list of this succession’s assets and liabilities reflects a gross estate of $471,187.84 and total liabilities of $99,779.76, or an approximate net estate before taxes of $371,408.08.
Appellant and appellee both have a substantial interest to protect and obviously are unwilling to turn over the administration to the other. (Parenthetically we note that the liquidity of this estate and the form of its assets suggests that an administration might be superfluous.)
If any appointment is procedurally questionable, it is that of Edward, Jr., who had his brother removed on an ex parte order and who further failed to comply with the notice request filed by Martin.
Martin’s reluctant acquiescence in the co-appointment obviates our need to review the judgment to decide whether Edward, Jr., should have been removed. As to Martin, his failure to appeal or answer the appeal makes the judgment final.
For the reasons assigned, the judgment appealed from is affirmed. All costs incurred in presenting this appeal are to be paid by Edward G. Koch, Jr., individually, not by the estate.

AFFIRMED.

REDMANN, J., dissents with written reasons.