MARCUS, Justice.
Edward G. Koch, Jr. appealed a judgment of the district court setting aside his appointment as sole administrator of the succession of his father, Edward G. Koch, and naming his brother, Martin R. Koch, and him as co-administrators of the estate. The court of appeal affirmed.[1] Upon Edward’s application, we granted certiorari to review the correctness of this decision.[2]
Edward G. Koch died intestate on May 22, 1978 and was survived by two sons, Martin R. Koch and Edward G. Koch, Jr. On June 1, 1978, Martin filed a petition in the district court pursuant to La.Code Civ.P. art. 3091,[3] requesting notification of the filing of an application for appointment as administrator. When a petition for such notice has been filed within ten days of the death of the decedent, or prior to the application for appointment as administrator, the applicant for appointment is required by art. 3091 to serve notice prayed for, as *1082 provided in art. 3093.[4] Failure to give such notice subjects the succession representative to the penalty of removal from office. La.Code Civ.P. art. 3182.[5] Likewise, La. Code Civ.P. art. 3181[6] provides that, if a person appointed as succession representative failed to qualify for his office within ten days of his appointment, on its own motion, or on motion of any interested person, the court may revoke the appointment and appoint another qualified person to the office “forthwith.”
On June 2, 1978, Martin petitioned to be appointed administrator, and the court signed an order directing letters of administration issue to him on complying with the requisites of law. Martin failed to qualify for office within ten days after his appointment as required by art. 3181. On June 13, 1978 (the day following the ten-day qualifying period), Edward filed a motion to revoke the appointment of Martin and to appoint himself in Martin’s stead. The court, in an ex parte order, revoked the appointment of Martin as administrator for his failure to qualify within ten days after his appointment and appointed Edward, who immediately qualified for the office. Letters of administration were issued the next day. On June 16, 1978, Martin filed a motion requesting that the court order Edward to show cause why he should not be removed from office on the ground, inter alia, that Edward had failed to give notice of his application for appointment as administrator as required by art. 3093 and why Martin should not be reappointed administrator and have letters issued to him upon complying with the requisites of law. After a hearing, the court ordered that both Edward and Martin be appointed co-administrators. It is from this order that Edward appealed.
At the outset, we must dispose of Martin’s “motion to dismiss appeal” filed in this court in which he contends that Edward has acquiesced in the judgment rendered against him by complying with the order of the trial court appointing Edward and Martin as joint administrators. Attached to his motion to dismiss are copies of various petitions filed in the succession proceedings jointly by Edward and Martin as co-administrators for authority to take certain actions in connection with the administration of the succession.
La.Code Civ.P. art. 2085 provides that an appeal cannot be taken by a party who voluntarily and unconditionally acquiesced in a judgment rendered against him. However, La.Code Civ.P. art. 2974 provides that “an order or judgment confirming, appointing, or removing a succession representative . . . shall be executed provisionally, notwithstanding appeal.” See also La.Code Civ.P. art. 2122 which provides that an order of a trial court *1083 “appointing or removing a legal representative shall be executed provisionally notwithstanding an appeal therefrom.” Consequently, during the appeal of the trial court’s order appointing Edward and Martin as co-administrators, that order “shall be executed.” Edward and Martin must provisionally administer the succession notwithstanding the appeal. Hence, we cannot say Edward voluntarily and unconditionally acquiesced in the judgment rendered against him.[7] Accordingly, the motion to dismiss-is denied.
We now proceed to consider the merits of Edward’s appeal. Article 3181 authorizes the court to revoke the appointment of a person who does not qualify for office within ten days after his appointment and to appoint another qualified person to office “forthwith.” The question presented is whether the trial court, after revoking Martin’s appointment as administrator for his failure to qualify for office within ten days after his appointment, properly appointed Edward to the office when Martin had requested notice pursuant to art. 3091. We think not. While art. 3181 authorizes the appointment of another qualified person “forthwith,” it must be done in accordance with law. Therefore, the order appointing Edward as administrator was improper because of Edward’s failure to give notice of his application for appointment to Martin as required by art. 3091; however, we do not consider the order invalid. Article 3182 provides that one of the grounds for removal of a succession representative is failure to give notice of his application for appointment when required under art. 3093. Furthermore, comment (e) to art. 3091 provides:
The sanction for the enforcement of the [notice requirement] is the possibility of the removal of an administrator who fails to give notice of the filing of his application for appointment when required to do so, under the provisions of Art. 3182 ....
See also comment (b) to art. 3093 which states: “The penalty for failure to give the required notice is the removal of the administrator.” Additionally, art. 3182 provides that the removal of a succession representative from office does not invalidate any of his official acts performed prior to his removal. These articles and comments thereto convince us that the order appointing Edward as administrator, even though improper, is valid and has effect until Edward’s removal from office.
The proper procedure for removal of a succession representative who, among other grounds, “has failed to give notice of his application for appointment when required under Article 3093” is by a rule to show cause. La.Code Civ.P. art. 3182. In the instant case, Martin filed such a contradictory motion. No evidence was adduced at the hearing. Nonetheless, the trial judge removed Edward as sole administrator and named Martin and Edward as co-administrators. While the trial judge is accorded much discretion in rendering such orders, the record does not support the removal of Edward as sole administrator simply on his failure to give Martin notice of his application for appointment under the circumstances herein where Martin himself had already been appointed but neither qualified nor asked for an extension of time to qualify. Alternatively, Martin argues that his motion asserted other grounds for removal not considered by the trial court and therefore the case should be remanded to permit him to present evidence in support of these contentions. We agree. Accordingly, we will reverse and set aside the ruling of the trial court revoking the appointment of Edward as sole administrator and naming Martin and Edward as co-administrators and remand the case to the trial court for an evidentiary hearing on Martin’s motion to remove Edward as administrator of the succession.
*1084 DECREE
For the reasons assigned, the judgment of the court of appeal, affirming the ruling of the trial court setting aside the appointment of Edward G. Koch, Jr. as the sole administrator of the succession of Edward G. Koch and naming Edward G. Koch, Jr. and Martin R. Koch as co-administrators of the estate is reversed and the case is remanded to the district court for further proceedings consistent with the views herein expressed.
DENNIS, J., dissents with reasons.

. 372 So.2d 740 (La.App. 4th Cir. 1979).

. 375 So.2d 659 (La.1979).

. La.Code Civ.P. art. 3091 provides:
An interested person desiring to be notified of the filing of an application for appointment as administrator, at any time after the death of the deceased, may petition the court in which the succession has been opened, or may be opened, for such notice.
A petition for such notice shall comply with Article 3092, shall bear the number and caption of the succession proceeding, and shall be docketed and filed by the clerk in the record thereof.
When a petition for such notice has been filed within ten days of the death of the deceased, or prior to the application for appointment as administrator, the applicant for appointment shall serve the notice prayed for, as provided in Article 3093.

. La.Code Civ.P. art. 3093 provides:
When notice has been petitioned for as provided in Article 3091, the applicant for appointment as administrator shall mail or deliver to the person designated to receive such notice a copy of his application for appointment, and shall notify him of the date and hour assigned by the court for a hearing thereon.

. La.Code Civ.P. art. 3182 provides:
The court may remove any succession representative who is or has become disqualified, has become incapable of discharging the duties of his office, has mismanaged the estate, has failed to perform any duty imposed by law or by order of court, has ceased to be a domiciliary of the state without appointing an agent as provided in Article 3097(4), or has failed to give notice of his application for appointment when required under Article 3093.
The court on its own motion may, and on motion of any interested party shall, order the succession representative sought to be removed to show cause why he should not be removed from office. The removal of a succession representative from office does not invalidate any of his official acts performed prior to his removal.

.La.Code Civ.P. art. 3181 provides:
If a person appointed or confirmed as succession representative fails to qualify for the office within ten days after his appointment or confirmation, on its own motion or on motion of any interested person, the court may revoke the appointment or confirmation, and appoint another qualified person to the office forthwith.
The delay allowed herein for qualification may be extended by the court for good cause shown.

. As authority for dismissal of the appeal, Martin cites Succession of Landman, 142 La. 253, 76 So. 704 (1917), in which this court dismissed an appeal upon similar facts and procedural law as herein. We consider Landman to have been incorrectly decided. Accordingly, to the extent that it is inconsistent with this opinion, Landman is overruled.