393 So.2d 153 (1980)
SUCCESSION OF Calvin Andrew REVERE.
Karen S. Revere WILSON
v.
Roger D. REVERE.
No. 13661.
Court of Appeal of Louisiana, First Circuit.
November 10, 1980.
*154 Maurice J. Le Gardeur, Jr., Brady M. Fitzsimmons, Covington, for Karen S. Revere Wilson, appellant.
Jack A. Blossman, Covington, for Roger D. Revere, appellee.
Before LOTTINGER, PONDER and COLE, JJ.
PONDER, Judge.
Plaintiff appealed from a judgment maintaining defendant as administrator of the succession of Calvin Andrew Revere.
The issues are the lack of notice to the provisional administratrix of defendant's appointment and his eligibility as administrator.
We reverse and render.
Plaintiff, Karen Revere Wilson, the divorced wife of decedent and mother of his sole heir, obtained custody of her son, letters of tutorship and appointment as provisional administratrix for the purpose of instituting a Jones Act claim in behalf of her son. She failed to file a request for notice of the filing of an application for appointment of an administrator.[1] Thereafter, defendant, Roger D. Revere, decedent's brother and alleged creditor, secured an ex parte appointment as permanent administrator. Plaintiff petitioned to have defendant removed and to have herself appointed administratrix. After hearing the evidence on the qualifications of both parties, the trial judge maintained defendant as administrator.
Plaintiff claims defendant's appointment as administrator is invalid because of the lack of notice to her. She relies on Succession of Schneider, 371 So.2d 1380 (La.App. 1st Cir. 1979) in which this court reversed the ex parte appointment of the permanent administrator when no notice of the application for permanent administrator has been given. We held plaintiff's petition for appointment as provisional administratrix provided substantial compliance with the notice requirements of LSA-C.C.P. Arts. 3091 and 3092.
*155 We decline to hold invalid the appointment of an administrator any time a provisional administrator fails to receive notice of such application. The purpose of the notice provisions is to give interested persons a voice in the selection of the administrator. Because plaintiff in this case participated in a contradictory hearing on the qualifications of defendant, albeit after his appointment, we find the failure of defendant to give her notice was not such error as to invalidate the appointment.
Plaintiff claims defendant is not qualified to be an administrator as he is neither the surviving spouse, heir, legatee, legal representative of an heir or legatee, a nominee of any of the foregoing or a creditor of the deceased. LSA-C.C.P. Art. 3097.[2]
The record indicates defendant to be a creditor of the estate, rather than a creditor of the deceased. Holland v. Wheaton, 6 La. 443, 26 Am.Dec. 481 (1834). However, the removal of an administrator who may be disqualified can be within the discretion of the trial court. LSA-C.C.P. Art. 3182. Succession of Voland, 296 So.2d 406 (La. App. 4th Cir. 1974) writ denied 300 So.2d 184. This discretion must not be abused.
While there seems to be some concern in regard to plaintiff being appointed administratrix, nevertheless, defendant is not qualified under the terms of LSA-C.C.P. Art. 3097. Furthermore, the interests of the heir can be safeguarded by the supervision of the court in the minority proceedings.
We hold that the court abused its discretion in maintaining defendant's appointment when there are others eligible and not disqualified.
For the above reasons, the judgment of the trial court is reversed and there is now judgment removing defendant as administrator and appointing plaintiff as administratrix. All costs are assessed against defendant.
REVERSED AND RENDERED.
NOTES
[1] LSA-C.C.P. Art. 3091:

"An interested person desiring to be notified of the filing of an application for appointment as administrator, at any time after the death of the deceased may petition the court in which the succession has been opened, or may be opened, for such notice.
"A petition for such notice shall comply with Article 3092, shall bear the number and caption of the succession proceeding, and shall be docketed and filed by the clerk in the record thereof.
"When a petition for such notice has been filed within ten days of the death of the deceased, or prior to the application for appointment as administrator, the applicant for appointment shall serve the notice prayed for, as provided in Article 3093."
LSA-C.C.P. Art. 3092:
"A petition for notice under Article 3091 shall not be effective unless it is signed by the petitioner or his attorney, and sets forth: (1) the name, surname, and domicile of petitioner;
(2) a statement of the interest of the petitioner;
(3) the name, surname, and mailing address of the person to whom the requested notice shall be given; and (4) a prayer that the requested notice be given."
[2] LSA-C.C.P. Art. 3097:

* * * * * *
"No person may be appointed dative testamentary executor, provisional administrator, or administrator who is not the surviving spouse, heir, legatee, legal representative of an heir or legatee, or a creditor of the deceased, or the nominee of the surviving spouse, heir, legatee, or legal representative of an heir or legatee of the deceased."