PONDER, Judge.
Joseph A. Minacapelli, Sr., father of the decedent, appealed the trial court’s judgment dismissing his opposition to an application for appointment as administratrix filed on behalf of Gloria C. Minacapelli, appellee, surviving but judicially separated spouse of the decedent.
The issues are:
(1)was opposition to appellant’s application for appointment timely filed;
(2) did appellee timely file petition for appointment and timely give notice thereof;
(3) did court comply with C.C.P. art. 3094 by giving 11 days between notice of application and hearing;
(4) should court allow preference to a judicially separated spouse; and
(5) was there any evidence of appellee being a legal representative of an heir.
Appellant was appointed as provisional administrator. He filed a petition for notice of application for appointment of administrator and on June 11, 1982, appellee filed a petition for appointment as adminis-tratrix. However, appellee’s petition was evidently not acted upon. Appellant filed an opposition to appellee’s petition. On the day the hearing was scheduled, appellant requested that he be appointed as administrator because no opposition had been filed. Instead, the court continued the matter. During the interim, appellee filed another petition to be appointed administratrix in order to cure the earlier deficiency. At the hearing, both parties stipulated that neither of them were disqualified under La.C. C.P. art. 3097, appellee was judicially separated from the decedent and appellant was a creditor of the decedent at the time of his death. The trial court ordered that appel-lee be appointed and/or confirmed as ad-ministratrix of the succession and dismissed appellant’s opposition.
Appellant’s first argument is that the trial court erred by not appointing him as administrator because there was no opposition timely filed as of the date of the originally scheduled hearing. He contends the petition filed by appellee after the continuance was granted should be disregarded because appellee should not be allowed advantage by such a capricious use of a continuance. Appellant relies on La.C.C.P. art. 3096 which provides, in part:
“At the hearing on the application for appointment as administrator, if no opposition thereto has been filed, the court shall appoint the applicant, unless he is disqualified under Article 3097.”
*796 We find that appellee filed her opposition timely. Appellee’s latter petition was filed before the hearing occurred on April 20, 1983. The appellant has not shown that the court acted capriciously in granting the continuance to that day. The trial judge has wide discretion in acting upon a motion for continuance under La.C.C.P. art. 1601. His ruling will not be disturbed on appeal in the absence of a clear showing of an abuse of that discretion. Sauce v. Bussell, 298 So.2d 832 (La.1974); Bryer Insurance Agency, Inc. v. Bruno, 261 La. 177, 259 So.2d 55 (1972).
Appellant’s next argument is that appel-lee did not timely file her petition for appointment and since he properly filed a petition for notice of application under La. C.C.P. art. 3091,[1] appellee was required to mail or deliver to appellant a copy of appel-lee’s application for appointment under La. C.C.P. art. 3093.[2]
We find that the application was timely filed as shown by the record.
. However, appellee failed to comply with these codal requirements and appellant contends that this failure should have prevented the court from appointing appellee as administratrix.
We decline to hold invalid appellee’s appointment as administrator solely because appellee did not properly notify appellant. “The purpose of the notice provisions is to give interested persons a voice in the selection of the administrator.” Succession of Revere, 393 So.2d 153 (La.App. 1st Cir.1980). In light of these facts, we find that appellee’s failure to give notice does not invalidate her appointment. The codal articles concerning notice serve as directives for the courts and are not mandatory. See Succession of Koch, 379 So.2d 1080 (La.1980); Succession of Revere, supra.
Although appellee’s latter pleadings were filed only a day before the hearing, appellant was not without sufficient notice. Appellant was aware of the application that appellee filed on June 11, 1982, and its defects, and appellant filed an opposition in response to appellee’s application.
Appellant has waived any objection he had to the court’s failure to give eleven days between notice of application and hearing by failure to make timely objection; instead he entered into stipulation as to the facts in the case.
Appellant’s next argument is that the trial court erred in appointing appellee as administratrix because she was not entitled to priority of appointment under La.C.C.P. art. 3098.[3] Appellant contends that since *797 appellee was judicially separated from the decedent at the time of his death, she does not fall within the category of “surviving spouse.” Appellant reasons that the inclusion of the “surviving spouse” in the first priority group is based upon the usual close relationship between spouses in their personal and business affairs and that this factor is not present once a judicial separation has taken place. In support of his argument, appellant points to several code articles that exclude the judicially separated spouse from certain inheritance rights.[4]
We disagree. The mere fact that the legislature has specifically excluded the judicially separated spouse in only some of the code articles supports the contrary argument that the legislature intended to include the judicially separated spouse within the first priority group under La.C.C.P. art. 3098. Therefore, since appellee falls within the first priority group as “surviving spouse” and appellant falls within the third priority group as a “creditors] of the deceased”, the court is required to give preference to appellee. The priority of appointment set out in La.C.C.P. art. 3098 is mandatory and binding upon the trial court. Succession of Thibaut, 224 So.2d 852 (La.App. 1st Cir.1969).
Our finding above that appellee is entitled to priority as a surviving spouse obviates the necessity of considering appellant’s argument that the court gave priority to appellee as a legal representative of an heir despite no evidence.
For the above reasons, the decision of the trial court is affirmed at appellant’s costs.
AFFIRMED.

. La.C.C.P. art. 3091:
An interested person desiring to be notified of the filing of an application for appointment as administrator, at any time after the death of the deceased, may petition the court in which the succession has been opened, or may be opened, for such notice.
A petition for such notice shall comply with Article 3092, shall bear the number and caption of the succession proceeding, and shall be docketed and filed by the clerk in the record thereof.
When a petition for such notice has been filed within ten days of the death of the deceased, or prior to the application for appointment as administrator, the applicant for appointment shall serve the notice prayed for, as provided in Article 3093.

. La.C.C.P. art. 3093:
When notice has been petitioned for as provided in Article 3091, the applicant for appointment as administrator shall mail or deliver to the person designated to receive such notice a copy of his application for appointment, and shall notify him of the date and hour assigned by the court for a hearing thereon.

.La.C.C.P. art. 3098:
When the appointment as administrator or dative testamentary executor is claimed by more than one qualified person, except as otherwise provided by law, preference in the appointment shall be given by the court in the following order to:
(1) The best qualified among the surviving spouse, competent heirs or legatees, or the legal representatives of any incompetent heirs or legatees of the deceased;
(2) The best qualified of the nominees of the surviving spouse, of the competent heirs or legatees, or of the legal representatives of any incompetent heirs or legatees of the deceased; and
(3) The best qualified of the creditors of the deceased. "Best qualified,” as used in this article, means the claimant best qualified personally, and by training and experience, to administer the succession.

. La.C.C. arts. 880, 889, 890, 894.