KNOLL, Judge.
This case addresses the removal of an administratrix of an intestate succession and an attempt to unseat the tutrix of the only heir of decedent’s estate. The contest is between decedent’s mother and the mother of decedent’s illegitimate minor child.
Timmy Lee Thomas died on October 3, 1989, in an offshore accident off the Texas coast. Thomas was never married, but at the time of his death, he was survived by an illegitimate minor son, Timmy Tyrell Strawder, who resided with his mother, Ivy Reneé Strawder, in California.
On October 12, 1989, Georgia P. Thomas, Thomas’ mother, petitioned the Fourteenth Judicial District Court of Calcasieu Parish for appointment as administratrix of Thomas’ succession. On that date, the district court judge signed the order appointing Georgia Thomas as administratrix of Thomas’ succession, and ordered the issuance of letters of administration upon her complying with the requisites of law. On October 17, 1989, the deputy clerk of court issued letters of administration to Georgia Thomas.
On May 1, 1990, after moving from California back to Calcasieu Parish, Ivy Reneé Strawder, the mother of Thomas’ minor son, was appointed tutrix of her minor son.
*350 Subsequently, on May 17, 1990, Strawder petitioned the court for removal of Georgia Thomas as administratrix of Thomas’ succession. Citing Georgia Thomas’ lack of qualification for appointment as adminis-tratrix of Thomas’ succession and a defective affidavit of death and heirship, Straw-der obtained an ex parte order removing Georgia Thomas as administratrix and appointing Strawder to that position.
On May 18, 1990, Georgia Thomas filed a motion to reconsider and rescind the order removing her as administratrix. Georgia Thomas also filed a motion for appointment as administratrix of Thomas’ succession, and a separate motion asking the district court to remove Strawder from the position of tutrix of the minor child and to appoint her (Georgia Thomas) to that position.
After a contradictory hearing on all motions, the district court denied Georgia Thomas’ motion to disqualify Strawder as administratrix of Thomas’ succession and confirmed Strawder’s ex parte appointment as administratrix of the succession. Likewise, the district court refused to unseat Strawder as the tutrix of her minor son and confirmed Strawder’s appointment as tu-trix.
Georgia Thomas devolutively appeals, contending that: (1) her ex parte removal as administratrix was null and void; (2) the trial court erred in failing to reconsider and rescind its order removing her as adminis-tratrix and in refusing to disqualify and remove Strawder as the administratrix of Thomas’ succession; and, (3) the trial court erred in failing to remove Strawder as tu-trix of her minor son, and failing to appoint Georgia Thomas as tutrix of said minor child’s property.
EX PARTE REMOVAL OF ADMINISTRATRIX
Georgia Thomas first contends that the trial court erred when it removed her as administratrix of her son’s succession without a hearing. She argues that LSA-C.C.P. Art. 3182 requires a show cause hearing before a succession representative can be removed. On the other hand, Strawder contends that LSA-C.C.P. Art. 3181 authorized Georgia Thomas’ ex parte removal since she failed to qualify within ten days after her appointment.
Georgia Thomas urges us to review her ex parte removal because of questions of the propriety of her settlement of damage claims, individually and in her representative capacity, brought by her in the Texas courts for her son’s death.
We decline to address the ex parte removal of Georgia Thomas for two reasons. First, the Texas litigation and settlement are not before us and the settlement agreement referred to by Georgia Thomas is not part of the appellate record.[1] Second, and more importantly, we find that error, if any, associated with the ex parte removal was cured when Georgia Thomas participated in a contradictory hearing on the qualifications she and Strawder held to be appointed administratrix. See Succession of Revere, 393 So.2d 153 (La.App. 1st Cir.1980). Accordingly, we do not reach Georgia Thomas’ argument that her ex parte removal as administratrix was improper.
CONTRADICTORY HEARING FOR ADMINISTRATRIX
Georgia Thomas contends that the trial court erred in finding her disqualified under LSA-C.C.P. Art. 3097 to be a succession representative and in further finding that she failed to prove that Strawder was unfit for appointment because of bad moral character.
LSA-C.C.P. Art. 3097 provides:
“A. No person may be confirmed as testamentary executor, or appointed dative testamentary executor, provisional administrator, or administrator who is:
(1) Under eighteen years of age;
*351 (2) Interdicted, or who, on contradictory hearing, is proved to be mentally incompetent;
(3) A convicted felon, under the laws of the United States or of any state or territory thereof;
(4) A nonresident of the state who has not appointed a resident agent for the service of process in all actions and proceedings with respect to the succession, and caused such appointment to be filed in the succession proceeding;
(5) A corporation not authorized to perform the duties of the office in this state; or
(6) A person who, on contradictory hearing, is proved to be unfit for appointment because of bad moral character.
B. No person may be appointed dative testamentary executor, provisional administrator, or administrator who is not the surviving spouse, heir, legatee, legal representative of an heir or legatee, or a creditor of the deceased or a creditor of the estate of the deceased, or the nominee of the surviving spouse, heir, legatee, or legal representative of an heir or legatee of the deceased, or a co-owner of immovable property with the deceased.”
LSA-C.C.P. Art. 3098 provides:
“A. When the appointment as administrator or dative testamentary executor is claimed by more than one qualified person, except as otherwise provided by law, preference in the appointment shall be given by the court in the following order to:
(1) The best qualified among the surviving spouse, competent heirs or legatees, or the legal representatives of any incompetent heirs or legatees of the deceased;
(2) The best qualified of the nominees of the surviving spouse, of the competent heirs or legatees, or of the legal representatives of any incompetent heirs or legatees of the deceased; and
(3) The best qualified of the creditors of the deceased or a creditor of the estate of the deceased, or a co-owner of immovable property with the deceased.
B. ‘Best qualified,’ as used in this Article, means the claimant best qualified personally, and by training and experience, to administer the succession.”
From the outset, we note that Strawder was disqualified at the time of Georgia Thomas’ initial appointment as administra-trix; at that time she was a nonresident of Louisiana who had not appointed a resident agent for service of process, and she had not yet qualified as the legal representative of her son. Nevertheless, we hasten to note that at the contradictory hearing on Georgia Thomas’ motion for reconsideration, Strawder had established residency in Louisiana and had been appointed tutrix of her minor son.
Georgia Thomas contends that under LSA-C.C.P. Art. 3097(B) she was qualified to serve as administratrix because she was a creditor of the deceased or of the deceased’s estate. She argues that the only asset of Timmy Lee Thomas’ estate was the claim for his wrongful death, and that her “prompt action ... to preserve the rights of the estate and Timmy Lee Thomas’ beneficiaries and heirs” under 46 U.S.C.App. 181, et seq. (a limitation proceeding in federal court) made her a creditor who was qualified to serve as adminis-tratrix of the succession. She relies on no other provision of LSA-C.C.P. Art. 3097 to support her appointment.
Initially, we note that no evidence of Georgia Thomas’ filing of suit or taking conservatory actions on behalf of the Thomas estate or heirs was presented to the trial court. Louis St. Martin, Georgia Thomas’ attorney, did testify that “we filed into the limitation proceeding”, but there was no evidence that Georgia Thomas entered the limitation proceeding on behalf of the decedent’s estate or his sole heir. Likewise, there was no evidence of Georgia Thomas’ assertion in brief that she expended considerable amounts of time, effort, energy and money in dealing with the aftermath of Timmy Lee Thomas’ death and in settling his affairs. Accordingly, we do not find that Georgia Thomas made a pri- *352 ma facie showing that she was a creditor either of the estate or the decedent. Therefore, we find no error in the trial court’s conclusion at the contradictory hearing that Georgia Thomas was not qualified under LSA-C.C.P. Art. 3097 to serve as administratrix of Timmy Lee Thomas’ succession.
We now turn our attention to Georgia Thomas’ alternative contention that Strawder was unfit for appointment as ad-ministratrix because of bad moral character.
As pointed out by the trial court in its written reasons for judgment, Georgia Thomas contended that Strawder was of bad moral character because she had been recently arrested for criminal mischief, that she had two prior criminal convictions for simple battery, and that she failed to report pertinent information to welfare authorities.
Our research of the case law of this state has failed to uncover any jurisprudential elaboration of the phrase, “bad moral character.” Nevertheless, it is clear that the removal of an administrator who may be disqualified is within the discretion of the trial court. Succession of Revere, supra. Although we have some concern about Strawder’s character, we cannot say that it rises to the degree contemplated by LSA-C.C.P. Art. 3097(A)(6). Moreover, the trial court will be able to monitor the interest of Thomas’ sole heir through the ancillary tutorship proceeding. Therefore we hold that the trial court did not abuse its discretion in confirming Strawder as ad-ministratrix of Timmy Lee Thomas’ succession.
Georgia Thomas has raised the same arguments in her attack on Strawder’s appointment as tutrix of her minor son. After carefully reviewing the allegations made, we cannot say that the trial court abused its discretion in maintaining Straw-der’s appointment as tutrix.
In brief, Strawder has asked for the imposition of sanctions, as well as the assessment of costs, damages, and attorney’s fees. For us to impose sanctions and award damages, it was necessary for Strawder to answer the appeal. Since Strawder did not answer the appeal, we are powerless to make such awards.
For the foregoing reasons, the judgment of the trial court is affirmed. Costs of this appeal are assessed to Georgia Thomas.
AFFIRMED.

. Strawder has attached a copy of a settlement agreement to her appellate brief. Our review of the record shows that the settlement was never admitted into evidence. Evidence which is attached to a brief and which was not admitted into evidence in the trial court cannot be considered by a reviewing court.