JiCIACCIO, Judge.
This is an appeal from a judgment rendered in these succession proceedings denying the petition of Walter J. Horrell to be appointed administrator of his father’s succession. We affirm.

Facts

This succession was previously before this Court in Succession of Edward A. Horrell, Sr., 95-1598 c/w 95-1599 (La.App. 4 Cir. 9/11/96), 680 So.2d 725, writ denied, 96-2841, (La. 1/31/97), 687 So.2d 403.[1] The decedent, Edward A. Horrell, Sr., died on July 9, 1993 at the age of 84 and was survived by his wife, Clare Younger Horrell and five adult chil *1070 dren. Walter Horrell, an attorney, is the oldest child of the deceased and the plaintiff herein. Shortly after decedent’s death, Mrs. Horrell was appointed administratrix of the succession based on her allegations that her husband died intestate. However, at the same time, Walter Horrell filed a separate petition to probate the testament of decedent which had been executed on April 13, 1993. In this testament, which was prepared by the daughter of Walter Horrell who is also an attorney, the decedent bequeathed all of his immovable property in St. Tammany Parish to Walter Horrell, and made other bequests to his other four children. In addition, Walter Horrell was named in the will as executor.
Mrs. Horrell and Walter’s siblings (hereinafter “the Horrells”) ^subsequently filed a petition to declare the will invalid and a motion to remove Walter as executor, alleging lack of testamentary capacity, undue influence and conflict of interest. Walter responded by petitioning to have his mother removed as administratrix and to have the property of the succession delivered to him. Following a hearing, the trial court granted Walter’s petition to remove his mother as administratrix and upheld the validity of the will. The Horrells appealed, and a panel of this court reversed the ruling of the trial court, declaring that the will was invalid on the basis that “Mr. Horrell lacked the requisite understanding of the nature of the testamentary act and its effects.”
Thereafter, Walter Horrell filed a petition to be appointed administrator of his father’s intestate succession. The Horrells opposed this appointment, and following a contradictory hearing, the trial court denied Walter’s petition and appointed the Hibernia National Bank as administrator, conditioned upon the acceptance of such appointment.
In its reasons for judgment which were orally assigned, the trial court stated as follows:
If I was just looking at this case in a vacuum, it may be easy to say that Walter, of all the heirs is more qualified because of his experience as an attorney and his stability, as oppose [sic] to Michael, whose employment record has not been as stable and I personally have viewed some of his outburst [sic] of temper in this courtroom, but I can’t look at this case in a vacuum. I look at this case as the Court of Appeal has decided that a son got his father, who lack [sic] the requisite mental capacity to sign a will. Now, they did not — you’re right, they didn’t talk about fraud, and perhaps if Walter, you were a third party and were disinterested in getting what was in the will decided, one would say, well it really doesn’t matter. If a lawyer went and just got someone to sign a will, they may not be capable of telling whether someone lacked the mental capacity, but as the child of that person, and certainly, I can tell when my parents are functioning at a high level, middle level, low level, 13you know the person well. And I don’t think in good conscious, [sic] because of that, and because of the extraordinary animosity that exist [sic] in this case, I can appoint you as the administrator.
Walter Horrell now appeals from this judgment arguing that the trial court erred in failing to appoint him as administrator and in appointing a third-party administrator.
The appointment of a succession administrator is governed by LSA-C.C.P. arts. 3091-3098. Article 3096 provides in pertinent part:
If an opposition to the application for appointment has been filed prior to the hearing thereon, the court shall assign the opposition for trial. After this trial, the court shall appoint as administrator the qualified claimant having the highest priority of appointment.
If all of the claimants are disqualified under Article 3097, the court shall appoint a qualified person who is willing to accept the administration of the succession.
LSA-C.C.P. Art. 3097 provides the list of disqualifying factors in the appointment of an administrator. As none of the other factors are applicable, the trial court apparently disqualified plaintiff on the basis of Section (6) of that article, which provides:
(6) A person who, on contradictory hearing, is proved to be unfit for appointment because of bad moral character.
*1071 Walter Horrell contends that he is qualified to serve as administrator of this succession. In support of this position, Walter points to the fact that he is a practicing attorney and that he served as executor of the succession for three years and performed his duties in a professional and timely manner. Walter |4also contends that the evidence presented indicates that he votes regularly, does not owe people, has never been contacted by a bill collector, has never had a lien of any type filed against him, has been happily married to the same woman for 38 years, has raised three children, has been employed as an attorney by the State of Louisiana for more than 31 years with an unblemished record, has never been arrested or convicted of a crime and has been operating a motor vehicle in excess of 42 years without ever having been given a traffic ticket. Walter assets that this is not the profile of a person of bad moral character and that the trial court rejected this claim at trial. He contends therefore that the trial court had no basis for disqualifying him.
We have found no jurisprudential guidelines for the application of the phrase “bad moral character” as found in LSA-C.C.P. art. 3097. This phrase was considered in Succession of Thomas, 596 So.2d 348 (La.App. 3rd Cir.1992), wherein the trial court appointed an administrator who had been arrested for criminal mischief, had two prior criminal convictions for simple battery and who failed to report pertinent information to welfare authorities. On appeal of this appointment, the court stated that the appointee’s character did not rise to the level contemplated by LSA-C.C.P. art. 3097(A)(6), and affirmed the ruling of the trial court.
In the present case, the trial court found that there was an extraordinary amount of animosity between the family members in this ease. Further, in refusing to qualify Walter Horrell as administrator, the court noted plaintiffs role in having his deceased father execute a will which was later determined by this court to be confected without testamentary capacity. The trial court apparently made a factual finding that Walter was aware that his father may have lacked testamentary capacity prior to executing the will, but nevertheless | gsubmitted the document to him. In reaching this conclusion, the trial court relied on the previous decision of this Court which invalidated the will.
“Bad moral character” does not only include the traditional types of behavior or previous bad acts which would indicate that one is not fit to assume the responsibilities of administrator of a succession. In the present case, the trial court found that Walter’s involvement in the execution of his father’s will which was subsequently found to be invalid due to lack of testamentary behavior constituted bad moral character sufficient to disqualify him from serving as administrator of his father’s succession. Although there were no allegations or proof of fraud in the case, Walter benefitted from the provisions of the will in that he would have inherited to the exclusion of the remaining heirs a substantial piece of real estate in St. Tammany Parish. There is also evidence that the decedent executed an Act of Donation of this immovable property in favor of Walter which is being contested and the litigation must be pursued by the succession’s administrator.
Even assuming Walter’s character is pristine in all respects other than his involvement in the execution of his father’s will and the act of donation, we find that the circumstances here, in addition to the animosity among the family members which was noted by the trial court, were sufficient to support a finding that Walter could not serve as administrator. After carefully reviewing the allegations made in this case and the evidence presented at the contradictory hearing, we cannot say that the trial court abused its discretion in refusing to appoint Walter Horrell as administrator of this succession on the basis of LSA-C.C.P. art. 3097.
Walter Horrell also contends that the trial court erred in appointing a third party administrator when it had two applicants before it. Appellant 16Contends that he is in the top tier of preference as set forth in LSA-C.C.P. art. 3098, and that a third party has no rights of preference under this article.
LSA-C.C.P. art. 3098 involves the priority of appointment and provides as follows:
*1072 When the appointment as administrator or dative testamentary executor is claimed by more than one qualified person, except as otherwise provided by law, preference in the appointment shall be given by the court in the following order to:
(1) The best qualified among the surviving spouse and the major heirs of the deceased;
(2) The best qualified of the nominees of the surviving spouse and the major heirs of the deceased;
(3) The best qualified of the creditors of the deceased; and
(4) Any other qualified person.
“Best qualified,” as used in this article, means the claimant best qualified personally, and by training and experience, to administer the succession.
As we have concluded that there was no abuse of discretion in the trial court’s determination that Walter Horrell was not qualified to serve as administrator, we need not address appellant’s claim that he is in the top tier of preference set forth by LSA-C.C.P. art. 3098, as that article applies to a situation involving more than one qualified claimant. Walter has been deemed as unqualified. Further, the trial court found that the Hor-rell’s nominee, Michael Horrell, was also not qualified to serve as administrator. The Horrells do not appeal from this ruling, and thus the trial court was not presented with a qualified applicant in the first tier of preference as set forth in article 3098.
The Horrells in the alternative petitioned the court to appoint an independent third party to administer the succession. The second tier of preference provides for the appointment of a qualified nominee of the surviving frspouse or major heirs of the deceased. There has been no showing that the Hibernia National Bank is not qualified to serve as administrator. In the absence of a qualified applicant in the first tier, the trial court did not err in appointing a third party administrator in this case. Appellant contends that the case of Succession of Thibaut, 224 So.2d 852 (La.App. 1st Cir.1969) is controlling, and precludes the trial court from appointing a third party administrator. However, in that case, there was a qualified applicant in the first tier of preference who was bypassed by the trial court, which justified the appellate court’s annulment of the trial court’s appointment of a third party administrator. In the present case, the trial court found no qualified applicant in the first tier of preference, and the Thibaut case is therefore distinguishable from the facts herein.
For the foregoing reasons, the judgment of the trial court is affirmed. Costs of this appeal are assessed to Walter Horrell.

AFFIRMED.

. Additional details of the succession proceedings are set forth in our previous opinion. The facts recited in this opinion are only those which we deem pertinent to the present dispute between the parties.