161 So.2d 120 (1964)
Vonnie FOUNTAIN and Mrs. Norma Cruse, Plaintiffs-Appellants,
v.
The AMERICAN EMPLOYERS' INSURANCE COMPANY, Defendant-Appellee.
No. 1125.
Court of Appeal of Louisiana, Third Circuit.
February 18, 1964.
*121 William C. Boone, Leesville, for plaintiffs-appellants.
Cavanaugh, Hickman, Brame & Holt, by Frank M. Brame, Lake Charles, for defendant-appellee.
En Banc.
PER CURIAM.
The defendant-appellee has moved to dismiss the appeal on certain grounds arising out of the death of one of the original plaintiffs herein, Harvey Cruse.
Cruse and Vonnie Fountain, his co-plaintiff, brought suit to recover a monied judgment from the defendant insurer. After trial on the merits in 1962, judgment was rendered dismissing the suit of both plaintiffs. The judgment was signed on November 29, 1963.
The plaintiffs, in obtaining their order of appeal from the judgment dismissing their suit, alleged that Harvey Cruse was accidentally killed on September 13, 1963 that is, before the date of the judgment appealed from. By allegations to this effect, an attempt was made in the motion to appeal to substitute the widow and minor children of the decedent Cruse as parties to this suit and to this appeal.
The motion of the defendant-appellee to dismiss the appeal is primarily based on allegations that the widow was not confirmed as administratrix of the decedent's estate and as tutrix of the minor children. We do not reach this question, however, as we do not have before us the situation that would be presented if an appellant or an appellee had died during the pendency of an appeal, in which case Rule XIII, Uniform Rules of the Court of Appeal (1963), 8 LSA-R.S. provides the appropriate procedure to be followed.
In the present case, the plaintiff was dead at the time the judgment against him was signed. Under such circumstances, the judgment against him was a nullity, and the appeal should be dismissed insofar as pertaining to this null judgment. Navarro v. Derbes, 211 La. 384, 30 So.2d 126; Roe v. Caldwell, 138 La. 652, 70 So. 548; Williams v. Brown, La.App. 3 Cir., 142 So.2d 865. Cf. also: Allen v. George E. Breece Lbr. Co., 19 La.App. 127, 2 Cir., 139 So. 73; West v. Green, 15 La.App. 216, 2 Cir., 131 So. 595.
We will therefore sustain the motion to dismiss the appeal as to the widow and children of Harvey Cruse, the deceased plaintiff.
The appeal taken by the co-plaintiff is still pending, of course. We point out that, by appropriate substitution in the lower court proceedings, judgment may properly be rendered against the Cruse parties, and, if the appeal is taken, and the supplemental appellate record in this regard filed in this court expeditiously, it is quite probable that the hearing of the Cruse appeal can be heard at the same time as the hearing on the related Fountain appeal, which is still pending herein and has been fixed for hearing.
For the reasons assigned, we dismiss without prejudice this appeal, insofar as concerning the Cruse parties.
Appeal dismissed as to Cruse parties.