224 So.2d 524 (1969)
GULFCO FINANCE OF LIVINGSTON, INC., Plaintiff-Appellee,
v.
Percy LEE, Defendant-Appellant.
No. 7751.
Court of Appeal of Louisiana, First Circuit.
July 2, 1969.
Schilling & Simpson, by Edwin C. Schilling, Jr., Amite, for appellant.
Bennett & Bunch, by Jerry E. Bunch, Denham Springs, for appellee.
Before LANDRY, SARTAIN and MARCUS, JJ.
SARTAIN, Judge.
This litigation initially involved a suit by plaintiff as the owner and holder of one certain promissory note signed by the defendant, Percy Lee, in the original sum of $826.80 and secured by a chattel mortgage on a 1957 Chevrolet. Judgment was rendered in the trial court in favor of the plaintiff and against the defendant. The defendant, through former counsel, sought and perfected the instant appeal. However, prior to the matter being heard by and submitted to us, Mitchell Milford Lee, duly appointed and qualified administrator of the Succession of Percy T. Lee, filed a "Petition for Nullity of Judgment" alleging that the defendant died after trial but before a judgment was rendered in the trial court and, hence, the judgment then and now appealed is a nullity.
The chronology of events are not in dispute. The instant action was filed on September 15, 1964 and was tried on September 14, 1965. It was taken under advisement *525 by the court with leave of counsel to file briefs. On June 13, 1968, the trial judge handed down oral reasons for judgment in favor of the plaintiff and against Percy Lee. This judgment was signed on September 13, 1968. The instant appeal was perfected on December 13, 1968. Percy Lee died on August 8, 1968 after the case was tried on the merits but before the rendition and signing of the judgment.
It is well established that judgment for or against a deceased person is an absolute nullity. Fountain v. American Employers Insurance Company, 161 So.2d 120 (3d La.App., 1964); Hughes v. Furlow, 83 So.2d 144 (Orl.La.App., 1955, writs denied, 1956).
Appellant contends that inasmuch as the judgment rendered in the trial court is an absolute nullity that we can consider his petition and the attached death certificate, and terminate this entire matter. He cites Personal Finance, Inc. v. Simms, 123 So. 2d 646 (1st La.App., 1960). The facts supporting the decision in the Simms case formed a part of the record that was compiled in the trial court. In dismissing the case on appeal, we held that it would serve no useful purpose to remand the matter because the defect, namely, the lack of defendant's signature on the note was incurable and insurmountable. The cited case did not involve the death of the party litigant.
We believe the better course of action is to follow the procedure adopted in Hughes v. Furlow, supra, wherein the nullity of the judgment of the trial court was recognized but the matter was remanded to the trial court for the purpose of permitting the plaintiff to proceed against substituted parties. In Fountain v. American Employers Insurance Company, supra, co-plaintiffs appealed from an adverse judgment. The court permitted the appeal against the living co-plaintiff to stand but dismissed the appeal as to the deceased co-plaintiff. However, the court noted that it was possible for the representatives of the deceased co-plaintiff to make appropriate substitution in the lower court that would possibly permit their cause being heard on appeal along with the remaining co-plaintiff.
In the instant cause while declaring that the judgment rendered against Percy Lee is a nullity, we believe this matter should be remanded to the trial court for the purpose of permitting such substitution of parties as may be appropriate and permitted by law. C.C.P. Article 801 et seq.
Accordingly, for the above and foregoing reasons the judgment of the district court in favor of the plaintiff and against Percy Lee, deceased, is declared a nullity and this cause is hereby remanded to the trial court for such action as the law permits, either for the purpose of substituting the legal representatives of the estate of Percy Lee or if none exist, then to dismiss plaintiff's suit. Costs of this appeal are to be borne by plaintiff, all other costs are to await a final decision on the merits.
Reversed and rendered.