379 So.2d 1133 (1979)
Peter SMITH and Roy Gordon, Plaintiffs-Appellants,
v.
BURDEN CONSTRUCTION COMPANY, Defendant-Appellee.
No. 14015.
Court of Appeal of Louisiana, Second Circuit.
December 19, 1979.
*1134 Piper & Brown, by Frank E. Brown, Jr., Shreveport, for plaintiffs-appellants.
Schober, Clawson & Brabham, by Walter F. Clawson, Shreveport, for defendant-appellee.
Before PRICE, HALL and McCLENDON, JJ.
HALL, Judge.
In this case oral reasons for judgment were rendered by the district court at the conclusion of the trial on December 8, 1978. Amended oral reasons for judgment were rendered on January 15, 1979. Judgment was signed on March 28, 1979.
In the brief filed on behalf of appellants, Peter Smith and Roy Gordon, there appears the following statement:
"PETER SMITH died in February, 1979, and ROY E. GORDON was his succession representative and substituted herein therefor. Art. 685C of Civil Procedure."
Based on the statement in the brief, it appears that Peter Smith died after rendition of the judgment and prior to signing of the judgment. The record on appeal does not reflect that the legal successor of plaintiff-appellant, Peter Smith, was substituted for the deceased party in the district court in accordance with LSA-C.C.P. Art. 801, et seq. A judgment for or against a deceased person is an absolute nullity. Gulfco Finance of Livingston, Inc. v. Lee, 224 So.2d 524 (La.App. 1st Cir. 1969). Accordingly, the judgment partially in favor of and partially against Peter Smith is an absolute nullity.
Following the procedure adopted in the Gulfco Finance case, the judgment of the district court in favor of and against Peter Smith, deceased, is declared a nullity and is set aside and this action, insofar as it concerns the claims by and against Peter Smith is hereby remanded to the district court for such action as the law permits, including the substitution of the legal successor of the deceased party, the rendition and signing of a judgment in favor of or against the properly substituted party, and the perfection of an appeal from such judgment by any party to the action. Jurisdiction of this action is retained by this court insofar as the claims by and against Roy Gordon are concerned. In the event appropriate proceedings are taken in the district court and an appeal perfected and returned to this court prior to rendition of judgment in the pending appeal which is scheduled for January 22, 1980, then this court will render judgment on such appeal, without the necessity of further briefing or argument, along with the appeal by Roy Gordon.