491 So.2d 63 (1986)
Theodis WHITE, et al.
v.
Eugene GIVENS, Jr., et al.
No. CA 85 0498.
Court of Appeal of Louisiana, First Circuit.
June 24, 1986.
Patrick J. Cooper, Baton Rouge, for plaintiff-appellee, Theodis White and Gladys Brent White.
J. Arthur Smith III, Baton Rouge, for third party defendant-appellee, First Federal Sav. & Loan Ass'n of Scotlandville.
Walton J. Barnes, Baton Rouge, for defendant-appellant, third party plaintiff-appellant, Eugene Givens, Jr. and Rosie Spland Givens.
*64 Before LOTTINGER, CRAIN and PONDER,[*] JJ.
PONDER, Judge.
Defendants appealed a judgment in favor of plaintiffs for $10,519.93 on this suit on a promissory note.
The issue is whether there was a failure in the cause for which the note was given.
We affirm in part and vacate in part.
Plaintiffs, Theodis and Gladys B. White, and defendants, Eugene and Rosie Givens, executed a purchase agreement on three houses, in which plaintiff guaranteed the houses would meet all electrical and plumbing requirements of the U.S. Department of Housing and Urban Development (HUD) Section 8 program. Defendants gave plaintiffs a promissory note for $10,519.93 as partial consideration for the purchase of this property. Defendants made no payments on the note and plaintiffs filed suit to accelerate payment of the full balance. Defendants responded by filing a reconventional demand alleging a failure of cause, on the basis the houses did not meet HUD Section 8 requirements. Gladys B. White subsequently died prior to trial, but no substitution of parties was made at that time. Following trial the court rendered judgment for both plaintiffs on the principal demand and dismissed defendants' reconventional demand. Defendants appealed and Theodis White (White) answered, requesting attorney's fees on the basis of defendants' allegedly frivolous appeal.
Defendants filed a motion in this Court to declare the judgment appealed from a nullity since it was rendered partially in favor of a deceased person. White then filed an ex parte motion to have himself substituted as his deceased wife's legal successor or, in the alternative, for this case to be remanded insofar as it related to Gladys B. White, for the sole purpose of allowing a substitution of parties. White requested that this Court retain jurisdiction over the portion of the judgment rendered in his favor. After an ex parte order in conformity with this motion was signed by this Court, the case was remanded to the trial court where White was substituted as the legal successor of his deceased wife.
Since Louisiana Code of Civil Procedure art. 801 permits a substitution of parties whenever a party dies during the pendency of an action, this substitution was proper. Nevertheless, this substitution could not cure the nullity of that portion of the judgment in favor of Gladys B. White. It is well settled that a judgment for or against a deceased person is an absolute nullity. Gulfco Finance of Livingston, Inc. v. Lee, 224 So.2d 524 (La.App. 1st Cir.1969); Smith v. Burden Construction Company, 379 So.2d 1133 (La.App. 2d Cir. 1979). Accordingly, the portion of the judgment appealed from which was rendered in favor of Gladys B. White is declared a nullity and is vacated and set aside. This case is remanded insofar as it affects Gladys B. White for further proceedings in accordance with law.
The portion of the judgment in favor of Theodis White individually is affirmed for the following reasons.
The record clearly indicates the houses failed, because of numerous defects, to comply with HUD Section 8 requirements at the time of trial in January of 1985.
Defendants contend the trial court erred in concluding that: 1) it was agreed all necessary repairs were to be made prior to the sale; and, 2) it was not adequately proven the defects were present at the time of the sale.
Defendants' contentions relate solely to the trial court's factual findings and credibility determinations, which are entitled to great weight and will not be reversed in the absence of manifest error. Arceneaux v. Domingue, 365 So.2d 1330 (La.1978); Canter v. Koehring Company, 283 So.2d 716 (La.1973). After a thorough review of the evidence, we find a reasonable factual *65 basis for the court's credibility determinations and findings of fact.
White testified the parties intended all repairs be made prior to the sale, but defendant, Eugene Givens, testified he understood repairs were to be made as soon after the sale as possible.
White presented evidence showing extensive electrical and plumbing repairs were made approximately ten months prior to the sale, with the houses thereafter passing city inspections. He also testified the houses were maintained in this condition through the date of the sale and this is at least partially corroborated by the testimony of a real estate appraiser who appraised the houses on April 12, 1982.
Although the defense presented expert witnesses who testified some of the defects may have existed prior to the sale, these witnesses did not examine the houses until shortly before the trial, two and one-half years after the sale.
The trier of fact is not bound by expert testimony. Carter v. Financial Advisor & Consultant, Inc., 444 So.2d 646 (La.App. 1st Cir.1983), writ denied, 446 So.2d 313 (La.1984). Evidence of an expert is to be received and weighed in the same manner as any other evidence. Id.
We find no manifest error in the trial court's decision that defendants did not prove their claim by a preponderance of the evidence.
White's request for attorney's fees on the basis of defendants' allegedly frivolous appeal is also without merit. There is no evidence of record indicating this appeal was taken solely for the purpose of delay or that counsel was not serious as to the position he advocated. Carter v. Financial Advisor & Consultant, supra.
All costs of this appeal are to borne equally by the parties. One half of costs in lower court to be cast to defendants. Other one-half is to await the outcome of this case.
AFFIRMED IN PART; VACATED AND SET ASIDE IN PART; REMANDED FOR FURTHER PROCEEDINGS.
NOTES
[*] Judge Elven E. Ponder, retired, has been assigned temporarily to this court by the Supreme Court of Louisiana to fill the vacancy created by the election of Justice Luther F. Cole to the Supreme Court.