531 So.2d 1136 (1988)
Clifton SIMONEAUX, III
v.
SUN ERECTION COMPANY, et al.
No. 88-CA-0139.
Court of Appeal of Louisiana, Fourth Circuit.
September 16, 1988.
*1137 Darleen M. Jacobs, Brian Beckwith, New Orleans, for plaintiff-appellant.
James L. Donovan, Kevin K. Gipson, Donovan & Lawler, Metairie, for intervenor Associated and Indem. Corp.
Charles L. Chassaignac, Carmelite M. Bertaut, Chaffe, McCall, Phillips, Toler & Sarpy, New Orleans, for defendant-appellee Standard Roofing Co. of New Orleans, Inc.
Before BARRY, CIACCIO and WARD, JJ.
CIACCIO, Judge.
Plaintiff appeals a summary judgment in favor of defendants. A procedual complication, however, prevents us from considering the merits of plaintiff's appeal. We, therefore, dismiss the appeal, without prejudice, and remand the matter to the district court.
Plaintiff filed this action in 1980. Defendants filed motions for summary judgment, but before a hearing was held plaintiff died. Apparently unaware of plaintiff's death, counsel and the court conducted a hearing, and on February 2, 1987, the district court rendered judgment against plaintiff. On February 17, 1987, plaintiff's counsel filed a motion for appeal, which the court granted on March 10, 1987. On March 4, 1987, however, plaintiff's counsel had filed a supplemental and amending petition to substitute plaintiff's wife and son as parties plaintiff. And on March 6, 1987, the court had ordered the supplemental and amending petition filed.
Despite the later substitution of parties plaintiff, the judgment appealed is against a plaintiff who was dead when the judgment was rendered. Although the proceedings in the district court were valid up to the moment of plaintiff's death, at that instant the action abated as to him, and the substitution of parties plaintiff did not cure the nullity. For it is well settled that a judgment for or against a deceased person is an absolute nullity. Navarro v. Derbes, 211 La. 384, 30 So.2d 126 (1947); White v. Givens, 491 So.2d 63 (La.App. 1st Cir.1986); Smith v. Burden Construction Company, 379 So.2d 1133 (La.App. 2d Cir.1979); Gulf co Finance of Livingston, Inc. v. Lee, 224 So.2d 524 (La.App. 1st Cir.1969); Fountain v. American Employers Insurance Company, 161 So.2d 120 (La.App. 3d Cir.1964); Hughes v. Furlow, 83 So.2d 144 (La.App. Orleans 1955), writ denied 1956. Any interested party may have declared null a judgment against a deceased person. Sanders & Son v. Schilling, 123 La. 1009, 49 So. 689 (1909); Hughes v. Furlow, above. An appeal from such a judgment is improvidently granted and without effect. Navarro v. Derbes, above.
Because the judgment appealed is an absolute nullity, we dismiss the appeal, without prejudice. We remand this matter to the district court for further proceedings with proper parties substituted for the deceased plaintiff.
DISMISSED AND REMANDED.