541 So.2d 367 (1989)
Patsy C. MATLOCK, Appellant,
v.
GENERAL MOTORS CORPORATION, et al., Appellee.
No. 20413-CA.
Court of Appeal of Louisiana, Second Circuit.
March 29, 1989.
*368 Campbell, Campbell & Johnson by John T. Campbell, Minden, for appellant.
Hudson, Potts & Bernstein by Jesse D. McDonald, Monroe, for appellee.
Before HALL, FRED W. JONES, Jr. and HIGHTOWER, JJ.
FRED W. JONES, Jr., Judge.
Patsy Matlock sued General Motors for damages allegedly sustained in an automobile accident which resulted from driving a General Motors car with a defective transmission. The plaintiff, according to the record, died before trial on the merits and her heirs, on petition of their tutor, were substituted as indigent plaintiffs. After a trial by jury, a verdict was returned in favor of the defendant and against the "plaintiff". The jury verdict did not address the assessment of court costs.
The judgment, signed pursuant to the jury verdict, contained the following pertinent language:
".... that all demands of plaintiff, PATSY MATLOCK, in this cause against defendant, GENERAL MOTORS CORPORATION, be and they are hereby rejected and dismissed with full prejudice to all demands of plaintiff against defendant.... and that all costs of these proceedings be and they are hereby taxed against plaintiff, PATSY MATLOCK...."
Plaintiffs appealed, contending the trial court erred in assessing plaintiff with court costs when the jury did not include this assessment in its verdict. By supplemental brief, plaintiffs argued the judgment against the deceased plaintiff was an absolute nullity.
At the conclusion of the trial on the merits, the trial court instructed the jury:
"In reaching a verdict on the question of damages, you should not include anything for the payment of court costs and attorneys' fees. The law does not consider these as damages suffered by plaintiff."
La.C.C.P. Art. 1920 plainly vests the power and discretion in the trial court to assess costs. Here the trial judge assessed costs against the losing party, the plaintiff, which was within his authority and discretion. This action was consistent with the forma pauperis articles, Articles 5186 and 5188, which recognize that the assessment of costs against the unsuccessful pauper plaintiff is subject to the authority and discretion of the trial court under Article *369 1920 and the authority and discretion of the appellate court under Article 2164.
Therefore, the trial judge did not err in the assessment of court costs.
In a supplemental brief the appellant claimed the judgment is invalid and null since it was rendered against a deceased person, Patsy Matlock, on May 31, 1988. Mrs. Matlock allegedly died on April 16, 1986. Both the trial court and the defendant's attorneys were aware of the death of the plaintiff; her heirs had been substituted by a motion dated October 13, 1986.
The jurisprudence of Louisiana has held that a judgment against a deceased party is an absolute nullity. Louisiana Health Service and Indemnity Company v. Cole, 418 So.2d 1357 (La.App. 2d Cir.1982); Smith v. Burden Construction Company, 379 So.2d 1133 (La.App. 2d Cir.1979); White v. Givens, 491 So.2d 63 (La.App. 1st Cir.1986); Gulfco Finance of Livingston, Inc. v. Lee, 224 So.2d 524 (La.App. 1st Cir.1969), writ denied, 241 So.2d 301 (La. 1969).
In each of the four cases above, the substituted heirs had not been substituted prior to the trial on the merits. Appellee claims, citing Stackhouse v. Zuntz, 41 La. Ann. 415, 6 So. 666 (La.1889), that where the heirs are in place of the deceased, and the deceased has a judgment rendered against him, the error is a clerical one that does not nullify the judgment.
However, subsequent to Stackhouse, La. C.C.P. Art. 807 provides the action is transferred to the substituted party or parties. The heirs of Mrs. Matlock, through their tutor, Raymond Matlock, availed themselves of the codal provisions allowing substitutions of heirs for deceased parties. La.C.C.P. Art. 801, et seq. Specifically, when the heirs were substituted, the interest and any obligations of the plaintiff were transferred to the heirs. La.C.C.P. Art. 807. Any judgment in the matter, for or against the substituted parties, should have been prepared in their names.
In Hughes v. Furlow, 83 So.2d 144 (Orl. La.App., 1955), writ denied, (1956), the party defendant died after the commencement of action and upon the motion of plaintiff, his wife and two children were substituted as his sole heirs. Judgment was rendered against the deceased defendant. The court noted the well settled rule that a judgment rendered against a deceased party is null and void and its nullity can be declared at the instance of any party. The court declared the judgment an absolute nullity, and noting the plaintiff's demands were still pending against the substituted parties, remanded the matter to the trial court for proceedings in the case in accordance with law.
Conclusion
In this case, the jury did not address the question of court costs; and the trial court permissibly addressed this issue and assessed the costs of court against the plaintiff in an exercise of his judicial discretion. However, the deceased plaintiff was not the proper party, since her heirs had been substituted by their tutor, Ronald S. Matlock, and the judgment here on appeal is absolutely null.
The judgment presented here on appeal is therefore declared an absolute nullity. This matter is REMANDED to the trial court for the conclusion of the proceeding pending between the substituted plaintiffs and the defendant, General Motors. There is a valid jury verdict in favor of the defendant against the substituted plaintiff. Accordingly, on remand the function of the trial court should be to enter a judgment in accordance with the jury verdict, that is, rejecting the demands of the substituted plaintiff and assessing costs as the court sees fit under Article 1920. Costs of appeal are assessed one-half to appellants and one-half to appellee.
HIGHTOWER, J., concurs with written reasons.
HIGHTOWER, Judge, concurring.
I concur in the conclusion that this case should be remanded to the trial court for entry of a judgment in accordance with the jury verdict, and for assessment of the costs pursuant to LSA-C.C.P. Art. 1920.
*370 The subject of a jury's power to award costs is stressed at 20 C.J.S., § 264 at 496 (1940):
A jury has no power to award costs. The court has neither right nor authority to place that burden on the jury, nor, unless authorized by statute, to permit the jury to pass on the question of costs in any form, nor to assist the court in determining what costs shall be taxed.
In Louisiana, the jury is not authorized by any statute to address the assessment of court costs. To the contrary, the provisions of LSA-C.C.P. Art. 1920 plainly vest the power and discretion in the trial court to assess costs. Decreeing costs in the administration of justice is not within the province of jurors; costs are incidental and accessory to the judgment of the court. Walsh v. Collins, 11 Mart. (O.S.) 558 (1822).