BROWN, Judge.
Patsy Matlock filed an action for personal injuries received in an accident that occurred on January 5, 1983, against the defendant, General Motors Corporation. Before the suit was brought to trial, Mrs. Matlock died from causes unrelated to the accident. At the time of her death, Mrs. Matlock was married and had two minor children. A judgment was obtained recognizing the two minor children as the sole heirs of Mrs. Matlock and they were sent into possession of her estate which included the lawsuit arising out of the 1983 accident, but was otherwise insolvent. Through their tutor, the two minor children were substituted as plaintiffs in Mrs. Matlock’s damage claim and they were allowed to continue the litigation in forma pauperis. After a jury trial, a verdict was rendered rejecting the demands of plaintiffs. The trial court assessed all court costs to decedent, Patsy Matlock.
On appeal Matlock v. General Motors Corporation, 541 So.2d 367 (La.App. 2d Cir.1989), this court recognized the trial court’s discretion to assess costs but set aside the judgment against Patsy Matlock as an absolute nullity because it was against a deceased party. The case was remanded to the trial court to designate costs to an appropriate party. On remand, the trial court assessed costs against the two minor children. A motion for new trial was requested by the two minor children and during the pendency of that motion, one child was killed in an accident. The trial court, thereafter, denied the motion for new trial and this appeal was lodged.
The issue on appeal is whether the two minor children are fully responsible for the court costs or if their liability for costs is limited to the value of their inheritance.
All successions falling to minor heirs are considered as accepted with benefit of inventory by operation of law. Kelley v. Kelley, 3 So.2d 641 (La.1941). Benefit of inventory limits the liability of the minor heirs to the value of the estate. LSA-C.C. Art. 1032. Patsy Matlock’s estate was insolvent and the two minor chil *1192 dren took possession with benefit of inventory. Under these circumstances, the minors, through their tutor, were allowed to proceed with the litigation in forma pauper-is or without payment of court costs in advance or as it accrued. LSA-C.C.P. Art. 5181 A. Although not liable for the advancement of costs or as it accrued, a party may ultimately be responsible for the cost of an unsuccessful lawsuit. LSA-C.C.P. Arts. 5186-5188. The taxing of court costs at the conclusion of a case against an unsuccessful indigent party is within the discretion of the trial court. LSA-C.C.P. Art. 1920.
The civil code provides who has a survival action when the injured victim dies. LSA-C.C. Art. 2315.1. Patsy Matlock instituted and asserted her claim before her death. Her right of action had been transformed into an action. When the suit was instituted her right to recover was asserted and upon her death, pursuant to LSA-C.C.P. Art. 801 her legal successors were properly substituted in her place. In this instance her legal successors would be in accordance with the class of beneficiaries outlined in LSA-C.C. Art. 2315.1.
The Supreme Court in Nathan v. Touro Infirmary, 512 So.2d 352 (La.1987), held that where the victim had legally instituted his right to recover, then the victim created a property right which was heritable even though there were no LSA-C.C. Art. 2315 beneficiaries.
It logically follows that general succession law principles are applicable in harmony with LSA-C.C. Art. 2315.1. The estate, which included the instituted lawsuit, had a negative net value and since the two minors accepted the estate with benefit of inventory they cannot personally be liable beyond the value of the estate for the costs connected with this lawsuit.[1]
DECREE
The judgment assessing costs individually to the two minor children is AMENDED to limit the judgment to the value of the estate inherited by the minors from their mother, Patsy Matlock. Costs of this appeal are assessed against defendant-appel-lees.

. One child died while the motion for new trial was pending but after judgment had been rendered against him. Since judgment cannot be granted against a deceased person, the judgment would be against the estate of the deceased child, Steven Matlock. In accordance with this opinion, however, this matter is not consequential.