THIBODEAUX, Judge.
Jerald W. Fuller sued the State of Louisiana, through the Department of Transportation and Development (DOTD) for damages sustained when, while driving a dump truck for John Bailey Construction Company, Inc. across a movable span bridge on Highway 27 at Hackberry, Louisiana, the south end of the movable span dropped and the dump truck hit the fixed span of the bridge. Liability was assessed against DOTD and the trial court awarded $60,-000.00 in general damages, $15,000.00 for past loss of wages, and $21,400.00 as future lost wages. Fuller died before the district judge signed the judgment on December 18, 1991.
On January 10, 1992, Linda Breaux Fuller Oswalt moved to become substituted as party plaintiff because of her position as executrix of Fuller’s estate and Fuller’s survivor under LSA-C.C. 2315. The substitution occurred after the district judge signed the judgment in favor of Fuller.
Oswalt appealed the judgment on the basis that the amounts awarded were too low and thus manifestly erroneous. The DOTD also filed a suspensive appeal, appealing both the judgment signed December 18, 1991 in favor of Fuller and the denial of defendant’s Motion to Reopen Testimony and Motion for New Trial and/or for Remittitur.
DOTD claims the judgment is invalid and null since it was rendered in favor of a deceased person, Jerald W. Fuller, on December 18, 1991. Fuller died on November 8, 1991. Both the trial court and the attorneys involved were aware of the death of Fuller.
The jurisprudence of Louisiana has held that a judgment for or against a deceased party is an absolute nullity. Williams v. Brown, 142 So.2d 865 (La.App. 3d Cir.1962); Matlock v. General Motors Corp., 541 So.2d 367 (La.App.2d Cir.1989) on appeal after remand 584 So.2d 1190 (La.App.2d Cir.1991); Simoneaux v. Sun Erection Co., 531 So.2d 1136 (La.App. 4th Cir.1988). Even where the heirs were substituted as party plaintiffs for the deceased party, but the judgment was signed in the name of the deceased party rather than the substituted parties, the jurisprudence of Louisiana has held the judgment to be absolutely null. Matlock, supra 541 So.2d at 368.
In Fountain v. American Employers’ Insurance Co., 161 So.2d 120 (La.App. 3d Cir.1964), one of the parties plaintiffs died after the commencement of the action and before judgment was signed. Judgment was signed in favor of the deceased plaintiff and the surviving plaintiff. Although the widow and children of the deceased plaintiff moved to be substituted for the deceased plaintiff in the suit and on appeal, the court declared the judgment an absolute nullity and upheld the appeal as to the surviving plaintiff. In Simoneaux, supra, the court stated:
“Despite the later substitution of parties plaintiff, the judgment appealed is against a plaintiff who was dead when the judgment was rendered. Although *496 the proceedings in the district court were valid up to the moment of plaintiffs death, at that instant the action abated as to him, and the substitution of parties plaintiff did not cure the nullity.”
The judgment appealed from is an absolute nullity. See also, White v. Givens, 491 So.2d 63 (La.App. 1st Cir.1986).
In view of the above cited cases, this Court is of the opinion that the judgment entered by the trial court on December 18, 1991 is an absolute nullity. Accordingly, the appeal is dismissed without prejudice. Following the procedure adopted in Gulfco Finance of Livingston, Inc. v. Lee, 224 So.2d 524 (La.App. 1st Cir.1969) and Smith v. Burden, 379 So.2d 1133 (La.App.2d Cir.1979), the judgment of the district court in favor of Fuller, deceased, is declared a nullity and is set aside. This action, insofar as it concerns claims by and against Fuller, is hereby remanded to the district court for such action as the law permits, including the substitution of the legal successor of the deceased party, the rendition and signing of a judgment in favor of the properly substituted party, and the perfection of an appeal from such judgment by any party to the action.
DISMISSED AND REMANDED.