# STATE OF LOUISIANA
# COURT OF APPEAL, THIRD CIRCUIT

## 09-303

## SUCCESSION OF MARY LOUIDA ARCENEAUX LEFORT

**********

APPEAL FROM THE
THIRTY-FIRST JUDICIAL DISTRICT COURT
PARISH OF JEFFERSON DAVIS, NO. P-31-97
HONORABLE CRAIG STEVE GUNNELL, DISTRICT JUDGE

**********

## JOHN D. SAUNDERS
## JUDGE

**********

Court composed of Sylvia R. Cooks, John D. Saunders, and Shannon J. Gremillion, Judges.

**DISMISSED AND REMANDED.**

Glenn W Alexander
Attorney at Law
P. O. Box 1550
Cameron, LA 70631
(337) 494-5563
Counsel for Appellee:
Mary Lou Stoker Joanen

Michael Bruce Holmes
Attorney at Law
P. O. Dr. 790
Kinder, LA 70648
(337) 738-2568
Counsel for Appellant:
Ethel Marie Fontenot Sack Lefort

**SAUNDERS, Judge.**

This case raises the issue of whether the judgment issued by the trial court was an absolute nullity in that it was a judgment against a deceased person. For the following reasons, we find the judgment to be absolutely null and remand the matter to the trial court.

**FACTS AND PROCEDURAL HISTORY:**

The matter before us arises out of the succession of Mary Louida Arceneaux Lefort (hereinafter referred to as "Mary Louida"). Mary Louida and Alexis Joseph Lefort, Jr. (hereinafter referred to as "Alexis") were married for 39 years and had one child, Mary Lou Stoker Joanen (hereinafter referred to as "Joanen"). Mary Louida died in 1997, and Alexis subsequently married Ethel Marie Fontenot Sacker (hereinafter referred to as "Ethel").

Mary Louida's last will and testament was probated in March of 1997, with all of her property (the entirety of Mary Louida's separate property and half of the community property owned by Mary Louida and Alexis) being left to Joanen, subject to a right of use in favor of Alexis. In the judgment of possession, however, the right of use granted to Alexis was termed a usufruct. The community property included in the judgment of possession consisted of a home located in Welsh, Louisiana, a Lincoln Towncar, a lot of household furniture, and multiple bank accounts.

In November of 2005, upon discovering that several substantial pieces of Mary Louida's property had been omitted from the 1997 succession, Joanen filed a petition to reopen the succession and for the appointment of an independent administratrix. Among the items that Joanen alleged were omitted were multiple New York Life Company Mainstay Fund accounts that totaled $412,892.06. Joanen argued that these were community assets of Mary Louida and Alexis. She also alleged that there were

several items of Mary Louida's separate property that were not included in the judgment of possession: a dinnerware set, decorative cups and saucers, a painting, a bench, a rocking chair, and a telephone table. All of this property was left to Ethel, by way of testament, after the death of Alexis in April of 2005.

Joanen filed a petition to partition the succession on April 17, 2006. Specifically, she requested that the court partition the community property of Alexis and Mary Louida that was omitted from the original judgment of possession and that it order Ethel to return the separate property of Mary Louida. Ethel filed exceptions of lis pendens, improper venue, improper cumulation of actions, and no cause of action. The exceptions were denied by the trial court.

After hearing the case, the trial court made the following findings: It found that the home in Welsch was to be put up for sale with the proceeds divided evenly between the parties. It found that the six household items (dinnerware, cups and saucers, painting, bench, rocking chair, and telephone table) were the separate property of Mary Louida and were to be returned to Joanen. It found that the New York Life accounts were opened during the marriage of Mary Louida and Alexis; thus, the accounts were community property.

Subsequent to Mary Louida's death, the accounts were transferred to other accounts bearing the names of Alexis and Ethel. After Alexis's death, Ethel mistakenly listed the accounts as having been Alexis's separate property and transferred the money into accounts bearing only her name. The trial court found that Joanen was entitled to Mary Louida's half of the accounts, $211,177.26 of the $422,354.51 total. It also found that Joanen was still owed Mary Louida's half share of the checking and savings accounts held by Mary Louida and Alexis during their

marriage. It awarded Joanen $10,443.50, half of the $20,887.00 total. Finally, the court awarded Joanen reimbursement for certain expenses related to the items included in Mary Louida's succession, totaling $5,931.87.

Joanen passed away on November 9, 2008, shortly after trial ended. A formal judgment of partition of succession was signed on November 16, 2008. A motion and order to substitute party was filed by Joanen's surviving husband, Ted Joanen, on December 17, 2008.

Ethel is appealing the judgment of the trial court and has asserted the following assignments of error:

**APPELLANT'S ASSIGNMENTS OF ERROR:**

The trial court erred in issuing judgment in favor of a deceased person. Appellant asserts numerous additional errors, but in light of our discussion on the issue of the judgment in favor of a deceased person, we need not address them at this time.

**LAW AND DISCUSSION ON THE MERITS:**

By her first assignment of error, Ethel asserts that the judgment issued by the trial court in the present matter is an absolute nullity. This court is faced with the rare occurrence where, after prevailing on the merits, a party to the litigation died before the signing of the final judgment. The chronology of the events pertaining to this matter are not in dispute. On October 29, 2008, the trial court issued its Reasons for Ruling, finding in favor of Joanen. The final Judgment of Partition of Succession was not signed by the trial court until November 26, 2008. Sadly, on November 9, 2008, between the time of the issuance of the Reasons for Ruling and the signing of the final judgment, Joanen died. On December 17, 2008, Joanen's surviving spouse, Ted

Joanen, filed a Motion and Order to Substitute Party with the trial court.

It is well established law that a judgment for or against a deceased person is an absolute nullity. *Fountain v. American Emloyer's Ins. Co.*, 161 So.2d 120 (La.App. 3 Cir. 1964), *Simoneaux v. Sun Erection Co.*, 531 So.2d 1136 (La.App. 4 Cir. 1988). As the substitution of Ted Joanen as a party did not take place until after the judgment was signed, this was clearly a judgment for a deceased person. Thus, there can be little argument that the result is not an absolute nullity. The appeal must be dismissed without prejudice.

Having decided that the case must be dismissed without prejudice, we now remand the case to the district court for further appropriate proceedings. In *Gulfco Finance of Livingston, Inc. v. Lee*, 224 So.2d 524 (La.App. 1 Cir. 1969), and *Fuller v. State Department of Transportation and Development*, 615 So.2d 494 (La.App. 3 Cir. 1993), similar cases were heard. *Gulfco* addressed a suit on a promissory note. After a trial on the merits, the trial court gave oral reasons for its judgment in favor of the plaintiff and against Percy Lee. Unfortunately, Lee died a short time later, before the rendition and signing of the judgment against him. On appeal, the First Circuit acknowledged that the judgment against Lee was an absolute nullity, but it went on to state as follows:

> We believe the better course of action is to follow the procedure adopted in Hughes v. Furlow, supra, wherein the nullity of the judgment of the trial court was recognized but the matter was remanded to the trial court for the purpose of permitting the plaintiff to proceed against substituted parties. In Fountain v. American Employers Insurance Company, supra, co-plaintiffs appealed from an adverse judgment. The court permitted the appeal against the living co-plaintiff to stand but dismissed the appeal as to the deceased co-plaintiff. However, the court noted that it was possible for the representatives of the deceased co-plaintiff to make appropriate substitution in the lower court that would possibly permit their cause being heard on appeal along with the remaining co-plaintiff.

In the instant cause while declaring that the judgment rendered against Percy Lee is a nullity, we believe this matter should be remanded to the trial court for the purpose of permitting such substitution of parties as may be appropriate and permitted by law. C.C.P. Article 801 et seq.

*Id*. at 525. The court remanded the case back to the trial court, where the proper party was substituted pursuant to La.Code Civ.P. art. 801. The First Circuit then heard the case on the merits. *See Gulfco Finance Company of Livingston, Inc. v. Lee*, 241 So.2d 301 (La.App. 1 Cir. 11/16/1970).

In *Fuller*, the plaintiff filed suit against DOTD for damages he sustained while driving a dump truck across a bridge that partially collapsed. The trial court found in favor of the plaintiff, but he died before the judgment was signed. The executrix of the plaintiff's estate moved to be substituted as party plaintiff, but the substitution occurred after the signing of the judgment in favor of the deceased plaintiff. This court, citing *Gulfco*, declared the judgment an absolute nullity and remanded the case back to the district court "for such action as the law permits, including the substitution of the legal successor of the deceased party, the rendition and signing of a judgment in favor of the properly substituted party, and the perfection of an appeal from such judgment by any party to the action." *Fuller*, 615 So.2d at 496.

We agree with these decisions and find them applicable to the present matter before us. Accordingly, we find that the judgment by the trial court was an absolute nullity, and we remand the matter back to the trial court for such action as the law permits.

**CONCLUSION:**

In light of the facts presented and the jurisprudence from *Gulfco* and *Fuller*, we find that the judgment in favor of Joanen was an absolute nullity, and we remand the

-5-

case to the trial court consistent with the procedure employed in the above cited cases.

**DISMISSED AND REMANDED.**