NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

CA 21-484


LAWRENCE FRANKS AND ROBBIE FRANKS

VERSUS

STATE NATIONAL INSURANCE COMPANY, ET AL.


**********

APPEAL FROM THE
THIRTEENTH JUDICIAL DISTRICT COURT
PARISH OF EVANGELINE, NO. 77499
HONORABLE GARY J. ORTEGO, DISTRICT JUDGE

**********

**ELIZABETH A. PICKETT**

**JUDGE**

**********


Court composed of Elizabeth A. Pickett, Van H. Kyzar and Candyce G. Perret, Judges.


**APPEAL DISMISSED WITHOUT PREJUDICE.**

**James T. Rivera**
**Brian D. Scofield**
**Jessica W. Marchand**
**Scofield & Rivera, L.L.C.**
**Post Office Box 4422**
**Lafayette, LA 70502**
**(337) 235-5353**
**COUNSEL FOR DEFENDANT/APPELLANT:**
    **Larry Frank**
    **State National Insurance Company**
    **Reliant On Call, LLC**
    **Reliant Transportation, LLC**

**Derrick G. Earles**
**David C. Laborde**
**Mary K. Cryar**
**Madeleine R. Brumley**
**Laborde Earles Law Firm, L.L.C.**
**1901 Kaliste Saloom Road**
**Lafayette, LA 70508**
**(337) 777-7777**
**COUNSEL FOR PLAINTIFF/APPELLEE:**
    **Lawrence Franks**
    **Robbie Franks**

**PICKETT, Judge.**

Plaintiffs-Appellees, Lawrence Franks and Robbie Franks, have filed a Motion to Dismiss Suspensive Appeals of All Defendants, seeking to dismiss the suspensive appeals and convert them to devolutive appeals. Defendants-Appellees opposed the motion but raise the possibility that the judgment at issue is a nullity. For the reasons that follow, we dismiss the appeals without prejudice.

This case arises out of an automobile accident that occurred on September 13, 2017. A jury rendered a verdict in this matter on January 5, 2020. On March 12, 2021, the trial court signed a final judgment memorializing the jury verdict. On March 19, 2021, Defendants-Appellants, State National Insurance Company; Larry Frank; Reliant on Call, LLC; and Reliant Transportation, LLC, filed a Motion for Judgment Not Withstanding the Verdict and/or New Trial and/or Remittitur, on the basis that it cast State National Insurance Company in damages that far exceeded their remaining policy limits. A hearing was held on May 4, 2021, and on May 12, 2021, the trial court denied the motion.

On May 19, 2021, Appellants filed a Notice of Intent to File Emergency Supervisory Writs and Request for Stay. The application was filed in this court on May 26, 2021, and on June 1, 2021, the writ was granted as follows:

> **STAY DENIED.**
> **WRIT GRANTED AND MADE PEREMPTORY. CASE REMANDED TO THE TRIAL COURT WITH INSTRUCTIONS.**
> By the instant writ application, Relators, State National Insurance Company (State National); Larry Frank; Reliant on Call, L.L.C.; and Reliant Transportation, L.L.C., seek review of the trial court's ruling which denies Relators' motion for judgment notwithstanding the verdict and/or motion for new trial with respect to the wording of the judgment. We find that the trial court erred when it denied Relator's request to have the judgment reflect that State National's liability is limited to its policy limits. Because no allegations of bad faith were made against State National, we find that it is legal error for the judgment to declare that State National Insurance Company (State

National) is liable for amounts in excess of its policy limits. *Herron v. State Farm Mut. Auto. Ins. Co.*, 19-236 (La.App. 3 Cir. 12/30/19), 288 So.3d 859, *writ denied*, 20-191 (La. 4/27/20), 295 So.3d 948. For these reasons, we grant the instant writ application, and vacate the trial court's ruling insofar as it denies the motion for judgement notwithstanding the verdict and/or motion for new trial with regard to the issue of the wording of the judgment.

This matter is hereby remanded to the trial court with instructions for the trial court to grant Relators' motion for judgment notwithstanding the verdict and/or motion for new trial with respect to the wording of the judgment only and to sign a judgment in accordance with the jury's verdict recognizing that State National's liability is not to exceed the limits of the policy issued State National.

On June 4, 2021, the trial court complied with this court ruling and executed a new judgment. Appellants filed a Notice of Suspensive Appeal on June 16, 2021. State National filed its appeal bond on June 29, 2021.

Appellees argue that Appellants' suspensive appeals are untimely and should be dismissed and converted to devolutive appeals for the following reasons. First, Appellees contend that the changes to alter the phraseology of the judgment pursuant to La.Code Civ.P. art. 1951 did not affect the delay for seeking an appeal. Appellees urge that the resulting change to the judgment did not affect the rights of the parties and was only a change in wording to conform with well-settled law that absent a first-party allegation of bad faith, an insurer is only liable up to the limits of the policy at issue. Appellees assert that the delays for appealing the original judgment are not affected by later amendments to phraseology. *Caldwell v. Shipp*, 441 So.2d 808 (La.App. 2 Cir. 1983). As such, Appellees assert that the delay for perfecting a suspensive appeal in the instant case began to run with the mailing of the denial of the motion for new trial and judgment notwithstanding the verdict on May 12, 2021, and expired on June 11, 2021. As such, Appellees maintain that Appellants' Notice of Suspensive Appeal and furnishing of security were untimely.

2

In the alternative, Appellees argue that State National's suspensive appeal should be dismissed because the security was not timely furnished following its application for supervisory writ on the amount of the bond pursuant to La.Code Civ.P. art. 2124(C). Appellees assert that because Appellants' supervisory writ would otherwise have been untimely, this court considered the writ because, however it was styled, it was essentially a writ on the amount of security fixed by the trial court as allowed by La.Code Civ.P. art. 2124(C). Article 2124 provides for interruption while the writ is pending. Six days elapsed between the filing of Appellant's May 26, 2021 writ application and this court decision issued June 1, 2021. Under this scenario, Appellees contend that Appellants' deadline for perfecting its suspensive appeal would have been June 17, 2021. Although Appellants' notice of suspensive appeal was filed timely, their bond was not timely posted. Appellees urge that both are required, thus, State National's suspensive appeal should be dismissed and converted to a devolutive appeal. Larry Frank, Reliant on Call, and Reliant Transportation, LLC have not furnished security for their appeals to date. As such, Appellees conclude that the suspensive appeals must also be dismissed.

Appellants oppose the motion to dismiss the suspensive appeals, arguing that the signing of the new judgment following this court's granting of the motion for new trial was a substantive change. Appellants add that this court vacated the trial court's denial of the motion for new trial and ordered a new judgment be rendered in accordance with the jury's verdict recognizing State National's liability does not exceed the policy limits. The June 4, 2021 judgment was required due to a substantive issue, the amount of damages a party is required to pay, and did not involve a simple error of calculation or typographical error. It is well settled,

Appellants maintain, that substantive changes in a judgment can only be made by filing a motion for new trial or by agreement between the parties. Appellants urge that they followed the correct procedure for seeking relief from an invalid judgment and that relief was granted and a new judgment was rendered. Appellants point out that they cannot seek an appeal from the original invalid judgment. As such, Appellants conclude that the appeal delays began to run from the signing of the June 4, 2021 judgment.

This court in *Lewis v. Hart*, 17-24, p. 8 (La.App. 3 Cir. 5/17/17, 221 So.3d 152, 158, stated, "It is well established, therefore, that a judgment may be amended only when the resulting judgment takes nothing from or adds nothing to the original judgment. *Villaume v. Villaume*, 363 So.2d 448 (La.1978)." Considering same, Appellants urge that the June 4, 2021 judgment correctly took away State National's liability for any amount over its policy limits. Appellants conclude that this is a substantive change, not simply a change in the language of the judgment. In *Villaume v. Villaume*, 363 So.2d 4480 451 (La.1978), the court held that the amended judgment had the "effect of creating a new final judgment from which the delay period for taking an appeal commenced to run anew."

Lastly, Appellants inform this court that Appellee-Plaintiff, Lawrence Franks, passed away on March 24, 2021, prior to the signing of the June 4, 2021 judgment. In *Succession of Lefort*, 09-303, p. 4 (La.App. 3 Cir. 12/16/09), 27 So.3d 1021, 1023, this court recognized the well-established law "that a judgment for or against a deceased person is an absolute nullity." (citations omitted). Also, in *Gulfco Finance of Livingston, Inc. v. Lee*, 224 So.2d 524 (La.App. 1 Cir. 1969), the defendant died after oral reasons for judgment were given but before the judgment against him was signed. The court found the judgment to be a nullity and remanded the case to the

4

trial court to allow the proper substitution of the deceased party pursuant to La.Code Civ.P. art. 801. *See also Fuller v. State Dept. of Transp. & Development*, 615 So.2d 494 (La.App. 3 Cir. 1993).

Appellants conclude that the correct procedure moving forward is to dismiss the current appeal, remand the matter to the trial court for substitution of the parties, and render a new judgment recognizing the substituted parties. Appellants maintain that appeal delays would being to run anew, and they would be required to re-file their motion and order for suspensive appeal and bond.

Appellees argue that the cases cited by Appellants are inapposite to the instant case as they were bench trials whereas the case at hand was a jury trial. Lawrence Franks died on March 24, 2021. The jury verdict was reached on January 15, 2021, before his death and the March 12, 2021 judgment was signed prior to his death. Since the June 4, 2021 judgment does not substantively change the jury verdict, Appellees maintain that it's the January 15, 2021 jury verdict and March 12, 2021 judgment which are determinative of this issue. Mr. Franks was alive for both events, thus Appellees conclude that the jury verdict and March 12, 2021 judgment are not absolute nullities. Appellees pray that the appeal be allowed to proceed in the interest of judicial efficiency while the succession is opened to allow for the proper substitution of parties.

Appellants argue that if the June 4, 2021 judgment is found to be an absolute nullity, the appeal of the loss of consortium damages awards to Robbie Franks should not be allowed to go forward separately from the appeal of Mr. Franks' personal injury claim. "A claim for loss of consortium is derivative of and dependent upon the principal demand for damages of the injured spouse." *Gilbert v. Laborde*, 93-761 (La.App. 3 Cir. 2/2/94), 632 So.2d 1162, 1167, *writ denied*, 94-896 (La.

5

5/20/94), 637 So.2d 480. Appellants maintain that allowing the appeal of Robbie Franks to go forward is not judicially efficient and could lead to inconsistent verdicts.

We find that the change in the June 4, 2021 judgment was a substantive change. The judgment involved the correction of what this court found was a legal error that affected the amount of damages State National was required to pay. This was not a simple error of calculation or typographical error. As such, we conclude that the appeal delays began to run from the signing of the June 4, 2021 judgment, thus, Appellants appeal and bond were timely filed.

However, regarding the death of Plaintiff-Appellant Lawrence Franks prior to the signing of the June 4, 2021 judgment, we find that the judgment is a nullity. Although the verdict was reached on January 15, 2021, a valid final judgment was not signed until June 4, 2021, after Mr. Franks' death on March 24, 2021. Accordingly, the appeal is dismissed without prejudice. The judgment of the trial court in favor of Lawrence Franks, deceased, is declared a nullity and set aside. This case is remanded to the trial court for such action as the law permits, including the substitution of the legal successor of the deceased party, the rendition and signing of a judgment in favor of the properly substituted party, and the perfection of an appeal from such judgment by any party to the action.

**APPEAL DISMISSED WITHOUT PREJUDICE.**

THIS OPINION IS NOT DESIGNATED FOR PUBLICATION.
Uniform Rules—Courts of Appeal, Rule 2-16.3.