BARRY, Judge.
This is a suit to enforce a mortgage for the balance due on a bearer note plus interest on the note and attorney’s fees.
On April 18, 1960 Emily Davis Johnson and Eddie Johnson a/k/a Edward Johnson, executed a promissory note payable to the order of Bearer in the principal sum of *16 Twelve Thousand Forty-Nine and 27/100 ($12,049.27) Dollars. The note provides for interest at seven and one-half (7½%) percent per annum annually plus twenty percent (20%) attorney’s fees. The note was paraphed for the mortgage securing the note.
On November 9, 1977 the note was assigned to Metrovest, Inc. by an act which declares:
This notarial endorsement is to the order of assignee without recourse, but with full warranty including warranty as to unpaid principal balance as of July 31, 1977 in the amount of $10,528.23, subject to principal and interest reduction as shown in notarized statement dated this date, and handed said note to me, Notary, whereupon I paraphed it for identification herewith and returned the note to the Assignor for delivery to the assignee thereof.
The note was subsequently assigned to Tiger Leasing, Inc. which instituted this foreclosure proceeding against the John-sons. Tiger Leasing is apparently the name under which Homeco, Inc. was formerly doing business. Homeco was stipulated as the proper party plaintiff at the beginning of trial.
According to Homeco’s brief, it “instituted a Petition to Open Vacant Successions, which resulted in the appointment of Roosevelt Johnson as Administrator of said Successions” because both defendants were deceased at the time of trial. There was no substitution of the administrator for the deceased parties.
After trial the district court rendered judgment in favor of the Johnsons and against Homeco, dismissing Homeco’s claim with prejudice and at Homeco’s cost.
Homeco’s appeal urges that it was a holder in due course and, alternatively, that there was no evidence to defeat the claim.
Judgment for or against a deceased person is an absolute nullity. Simoneaux v. Sun Erection Co., 531 So.2d 1136 (La.App. 4th Cir.1988).
An administrator(s) was not substituted for the deceased defendants. The judgment is an absolute nullity. The appeal is dismissed and the matter is remanded for further proceedings.
APPEAL DISMISSED; REMANDED
PLOTKIN, J., dissents with reasons.