DANIEL L. DYSART, Judge.
| j Walter J. Horrell appeals a judgment of the trial court placing his mother and four siblings into possession of a substantial portion of the estate of his deceased father, Edward A. Horrell, Sr. For the following reasons, we affirm.
FACTS:
Edward A. Horrell, Sr. (“Mr. Horrell”), died in 1993. Since his death, his eldest son, the appellant, has been fighting over his father’s estate. Just prior to Mr. Hor-rell’s death, appellant presented his father with a statutory will that appellant and his attorney daughter prepared. Mr. Horrell signed the will, with his attorney granddaughter and appellant’s wife acting as witnesses. The will was deemed invalid by this Court because of Mr. Horrell’s lack of mental capacity at the time he signed it. See Succession of Horrell, 95-1598, 95-1599 (La.App. 4 Cir. 9/11/96), 680 So.2d 725.
Simultaneously with the signing of the will, appellant presented his dying father with an act of donation, which would operate to donate a plot of land in Covington to the appellant. The property was Mr. Hor-rell’s separate property.
| {¡Appellant’s mother and his four siblings (referred to hereinafter collectively as “the Horrells”) learned of the donation prior to Mr. Horrell’s death and presented him with a revocation and a power-of-attorney in favor of his wife. Appellant subsequently presented his father with a document revoking Mrs. Horrell’s power-of-attorney, and an incomplete petition to dismiss any suit Mrs. Horrell may file to revoke the donation.
Two days before Mr. Horrell died, his wife filed a petition in St. Tammany Parish to revoke the donation of the Covington property. She thereafter amended the pe *141 tition to substitute Mr. Horrell’s other four children as petitioners. Appellant answered the suit with an exception of no right of action. The trial court denied the exception. It ultimately granted a summary judgment in favor of plaintiffs (appellant’s siblings) based on res judicata [1]. Appellant appealed that judgment.
On rehearing, the First Circuit looked to the ruling of this Court finding that Mr. Horrell lacked the mental capacity to execute the will. The court reasoned that Mr. Horrell’s mental capacity to execute the contested will was already decided in Succession of Horrell, supra; therefore, the issue of his mental capacity to sign the donation was res judicata. See Horrell v. Horrell, 99-1093 (La.App. 1 Cir. 8/15/01), (on rehearing), 808 So.2d 363.
After this Court declared the will invalid, appellant sought to be named administrator of his father’s estate. The trial court refused and an appeal followed. 13This Court found that appellant’s involvement in having his father execute a will when he lacked the mental capacity to do so, demonstrated bad moral character on the part of appellant, thereby disqualifying him to serve as administrator. See Succession of Horrell, 97-2115 (La.App. 4 Cir. 3/25/98), 709 So.2d 1069.
Because of the continued wrangling between the appellant and the Horrells, the trial court appointed a provisional adminis-tratrix to handle the affairs of the estate. This appointment was also challenged by appellant, but was upheld.
Since the appointment of the administra-trix, the courts of the First Circuit and Fourth Circuit have considered, among other things, whether appellant should be evicted from his residence, whether he should be ordered to allow the administra-trix into his residence to inventory and appraise succession property, whether appellant should be held in contempt for abuse of the judicial process and for avoiding service, and whether appellant should be forced to pay attorney’s fees and costs from his share of the estate.
The current appeal challenges a Judgment of Partial Possession granted by the trial court to the Horrells.
DISCUSSION:
In his first assignment of error, appellant argues that the trial court erred in signing a judgment of possession that exceeded the contents allowed in a legitimate judgment of possession. Specifically, appellant argues that the petition for partial possession fails to satisfy the requirements of La.Code Civ. Proc. art. 3061.
|4Louisiana Code of Civil Procedure art. 3061 provides in part:
A. The court shall render and sign immediately a judgment of possession, if it finds from an examination of the petition for possession, and from the record of the proceeding, that the petitioners are entitled to the relief prayed for.
B. The judgment shall recognize the petitioners as the heirs, legatees, surviving spouse in community, or usufructu-ary, as the case may be, of the deceased, send the heirs or legatees into possession of the property owned by the deceased at the time of his death, and recognize the surviving spouse in community as entitled to the possession of an undivided one-half of the community property, and of the other undivided *142 one-half to the extent that he has the usufruct thereof.
Appellant argues that there is no provision to allow for “side deals, unproved assumptions of obligations, and so forth.”
The Horrells disagree with appellant’s argument that La.Code Civ. Proc. art. 3061 limits what can be contained in a judgment of possession; rather, they argue, article 3061 sets forth the minimum information to be contained in a judgment. They explain that the extra verbiage contained in the Partial Judgment of Possession was included at the request of the administratrix to clarify certain items. They point out that appellant offers no legal authority for his position that the judgment contains items not allowed by law.
In addition to the provisions of Art. 3061, La.Code Civ. Proc. art. 3362 provides:
At any time prior to the homologation of the final tableau of distribution, a majority of the heirs of an intestate decedent whose succession is under administration may be sent into possession of all or part of the property of the succession upon their filing a petition for possession as provided in Articles 3001 through 3008 excluding any provisions of Article 3004 to the contrary, except that the proceeding shall be contradictory with the administrator. Upon the filing of such a petition the court shall order the administrator to show cause why the petitioners should not be sent into | ^possession, and shall order that the petitioners be sent into possession unless the administrator or any heir shows that irreparable injury would result, and upon a showing that adequate assets will be retained in the succession to pay all claims, charges, debts, and obligations of the succession. If a majority of the heirs are sent into possession of a part of the property, the administrator shall continue to administer the remainder.
The side deals, unproved assumptions of obligations, and so forth, are all items contained in the petition for possession, and ultimately the judgment of possession. The transcript reveals that the trial court painstakingly reviewed each line item individually and heard argument from all counsel.
Further, the administrator demonstrated to the satisfaction of the trial court that sufficient amounts were being retained to pay all claims, charges, debts and obligations of the succession, and that no irreparable injury would result if the petitioning heirs and the surviving spouse were placed into partial possession.
The court’s findings on these items are findings of fact, which this Court will not upset absent manifest error, or if they are clearly wrong.
It is well settled that a court of appeal may not set aside findings of fact in the absence of manifest error or unless it is clearly wrong, and reasonable inferences of fact should not be disturbed upon review, even though the appellate court may feel that its own evaluations and inferences are reasonable. Rosell v. ESCO, 549 So.2d 840, 844 (La.1989). In reviewing a factfin-der’s factual conclusions, an appellate court must satisfy a two-step process based on the record as a whole: there must be no reasonable factual basis for the trial court’s conclusion, and the finding must be clearly wrong. Kaiser v. Hardin, 06-2092, p. 12 (La.4/11/07), 953 So.2d 802, 810; Guillory v. Insurance Co. of North America, 96-1084, p. 5 (La.4/8/97), 692 So.2d 1029, 1032. Where there are two permissible | (¡views of the evidence, the factfinder’s choice between them cannot be manifestly erroneous or clearly wrong. *143 Arceneaux v. Domingue, 365 So.2d 1330, 1333 (La.1978).
Our review of the record, including the petition for possession, appellant’s opposition thereto, the transcript and the judgment of possession convinces this Court that the trial court was not manifestly erroneous in its findings.
In his second assignment of error, appellant argues that the trial court erred in finding that Mrs. Horrell does not owe one-half the expense of administering the community estate. He also claims that the administratrix refuses to disclose what the expenses of administering the community estate are, a figure necessary before placing Mrs. Horrell into possession because the expenses must be deducted from her portion.
At the hearing, the following colloquy was had:
MS. LAMBERT:
Your Honor, I believe that the proposed Judgment does take that into consideration [Mrs. Horrell’s share of responsibility for expenses].
There’s something else that I would like to say, is that this administration has been going on far too long. And I believe it would be unfair to Mrs. Hor-rell to say that she has to pay a complete half of the administration when this really isn’t her fault. She should have been put in possession some time ago. I think though that by the calculations that Mr. Horrell — excuse me, Mr. Schorr and I have done, she was — it was — I’m not sure exactly the percentage, but she was assessed with a percentage of the administration and I think that the—
MR. SCHORR:
Well, Your Honor, we based — we based the debts owed by her on Louisiana law as to her interest in the usufruc-tuary property. There was no need for an administration on Mrs. Horrell’s half. She has begged to be put into possession of the assets from the get-go. For 18 years Walter has held those assets hostage, now he wants her to pay for the privilege of not being able to use them. It — it’s more than illegal,—
|7THE COURT:
I’m not going to do that.
Appellant argued that application of La. Civ.Code art. 591 was not the proper article to use to calculate a ratio for payment of expenses. The trial court again responded: “I’m not going to make her pay for the administration.”
In Succession of Sharp, 288 So.2d 413 (La.App. 4 Cir.1974), this Court explained that the usual purpose of an administration is to determine and liquidate the obligations of the community to determine the net assets and to distribute them equally between the surviving spouse and the heirs and/or legatees. Where the succession is not relatively free from debt or where the business affairs involved are complex, an administration is necessary for the surviving spouse to determine the net assets before accepting the succession and becoming liable for its debts. Id. at 414. The Court held that it was improper to charge a surviving spouse for administrative expenses where no administration of the surviving spouse’s share was necessary, especially in light of the fact that the administration had prevented her from being put into possession of her half of the community. Id. at 416.
In brief, counsel for the administratrix offers that the community estate was relatively free from debt; and in fact, the entire estate was free from debt. The substantial expenses that have accrued are because of the 18 years of litigation precipitated by appellant, including probate of *144 the will which was subsequently declared invalid, and the haggling over the Coving-ton property, part of the deceased’s separate property. Counsel for Mrs. Horrell argues that the costs for the administration should be borne in proportion to the value of the assets of the community. This was calculated to be 17.12% of the total unallocated expenses, 18which was the share of the estate assets encumbered by her usufruct, which amounted to $52,127.48.
After reviewing the record before us and the prior case law regarding this succession, this Court cannot say that the trial court erred in approving the calculations of the Horrells’ counsel and counsel for the administratrix as to the amount owed by Mrs. Horrell for administration of the community estate. Mr. Horrell died in 1993, and Mrs. Horrell was 95 years old at the time of the hearing on this matter. She has yet to be put in possession of what was rightfully hers, or to benefit from the usufruct over the other half of the community assets. We find no error in the trial court’s decision.
Lastly, appellant argues that the trial court erred in failing to require proof of the extraneous matters included in the judgment of possession. This assignment of error is basically the same as the first assignment. Appellant objects to the “side deals” he claims are included in the judgment.
Appellant claims that no proof was offered to support the various “extraneous” matters contained in the judgment. Our review of the record indicates that, as stated above, the trial judge reviewed each and every line item of the judgment, and heard argument from all sides. The only issue the trial court had with the petition for possession was that there was no verification attached or the required affidavit of the surviving spouse accepting the community. The transcript indicates that both of these documents were to be supplemented by counsel, and the record contains the supplemented verifications. The record does not contain the affidavit of Mrs. Hor-rell; however, this is a designated record and not the entire record of the proceedings leading to this appeal. Further, appellant does not argue that the affidavit was not supplemented.
IsAccordingly, we affirm the judgment of the trial court. We assess all costs of this appeal to appellant, Walter Horrell.
AFFIRMED

. The deceased’s wife and four of his adult children were unaware of the existence of a will until after their husband/father’s death, when appellant presented it for probate to the Civil District Court in New Orleans. That case was litigated simultaneously with the suit filed in St. Tammany Parish. The Orleans Parish suit was appealed to the Fourth Circuit, and an opinion was rendered before the appeal was decided in the First Circuit.