SUCCESSION OF EDWARD A.     *       NO. 2019-CA-0269
HORRELL, SR.

                   *       COURT OF APPEAL

                   *       FOURTH CIRCUIT

                   *       STATE OF LOUISIANA

* * * * * * *

APPEAL FROM
CIVIL DISTRICT COURT, ORLEANS PARISH
NO. 1993-11275 C\W 1993-11701, DIVISION "G-11"
Honorable Robin M. Giarrusso, Judge

* * * * * *
**JUDGE SANDRA CABRINA JENKINS**
* * * * * *

(Court composed of Judge Edwin A. Lombard,
Judge Joy Cossich Lobrano, Judge Sandra Cabrina Jenkins)

*LOMBARD, J., CONCURS IN THE RESULT*


Maria I. O'Byrne Stephenson
STEPHENSON, CHAVARRI & DAWSON, L.L.C.
400 Poydras Street, Suite 1990
New Orleans, LA 70130

      COUNSEL FOR APPELLEE


Walter J. Horrell
P. O. Box 1244
Covington, LA 70434

      COUNSEL FOR APPELLANT


**APPEAL DISMISSED WITHOUT PREJUDICE; REMANDED**


**NOVEMBER 6, 2019**

This appeal arises from a 1993 succession proceeding in which appellant Walter J. Horrell, Sr. ("Appellant"), in proper person, appeals the trial court's December 7, 2018 judgment homologating the final tableau of distribution in the succession of Appellant's father, Edward A. Horrell, Sr. ("Edward Horrell"). For the reasons that follow, we dismiss the appeal without prejudice, and remand for further proceedings.

## FACTUAL AND PROCEDURAL BACKGROUND

This appeal stems from protracted succession litigation spanning 26 years and multiple appeals.[1] The pertinent facts are recounted in one of this Court's later opinions in the case, *Succession of Edward A. Horrell, Sr.*, 11-1574 (La. App. 4 Cir. 4/11/12), 102 So.3d 139.[2]

> Edward A. Horrell, Sr. ("Mr. Horrell"), died in 1993. Since his death, his eldest son, the appellant, has been fighting over his father's estate. Just prior to Mr. Horrell's death, appellant presented his father with a statutory will that appellant and his attorney daughter prepared. Mr. Horrell signed the will, with his attorney granddaughter and appellant's wife acting as witnesses. The will was deemed invalid by

---

[1] Judge Robin Giarrusso has been the presiding trial judge throughout the pendency of these proceedings in this circuit.

[2] Neither party references the specific page numbers from the record in their statement of facts, in violation of Uniform Rules, Courts of Appeal, Rules 2-12.4(A)(7) and 2-12.5(5).

1

this Court because of Mr. Horrell's lack of mental capacity at the time he signed it. *See Succession of Horrell,* 95-1598, 95-1599 (La. App. 4 Cir. 9/11/96), 680 So.2d 725.

Simultaneously with the signing of the will, appellant presented his dying father with an act of donation, which would operate to donate a plot of land in Covington to the appellant. The property was Mr. Horrell's separate property.

Appellant's mother and his four siblings (referred to hereinafter collectively as "the Horrells") learned of the donation prior to Mr. Horrell's death and presented him with a revocation and a power-of-attorney in favor of his wife. Appellant subsequently presented his father with a document revoking Mrs. Horrell's power-of-attorney, and an incomplete petition to dismiss any suit Mrs. Horrell may file to revoke the donation.

Two days before Mr. Horrell died, his wife filed a petition in St. Tammany Parish to revoke the donation of the Covington property. She thereafter amended the petition to substitute Mr. Horrell's other four children as petitioners. Appellant answered the suit with an exception of no right of action. The trial court denied the exception. It ultimately granted a summary judgment in favor of plaintiffs (appellant's siblings) based on *res judicata*. Appellant appealed that judgment.

On rehearing, the First Circuit looked to the ruling of this Court finding that Mr. Horrell lacked the mental capacity to execute the will. The court reasoned that Mr. Horrell's mental capacity to execute the contested will was already decided in *Succession of Horrell, supra;* therefore, the issue of his mental capacity to sign the donation was *res judicata. See Horrell v. Horrell,* 99-1093 (La. App. 1 Cir. 8/15/01), (*on rehearing* ), 808 So.2d 363.

After this Court declared the will invalid, appellant sought to be named administrator of his father's estate. The trial court refused and an appeal followed. This Court found that appellant's involvement in having his father execute a will when he lacked the mental capacity to do so, demonstrated bad moral character on the part of appellant, thereby disqualifying him to serve as administrator. *See Succession of Horrell,* 97–2115 (La. App. 4 Cir. 3/25/98), 709 So.2d 1069.

Because of the continued wrangling between the appellant and the Horrells, the trial court appointed a provisional administratrix to handle the affairs of the estate. This appointment was also challenged by appellant, but was upheld.

Since the appointment of the administratrix, the courts of the First Circuit and Fourth Circuit have considered, among other things,

whether appellant should be evicted from his residence, whether he should be ordered to allow the administratrix into his residence to inventory and appraise succession property, whether appellant should be held in contempt for abuse of the judicial process and for avoiding service, and whether appellant should be forced to pay attorney's fees and costs from his share of the estate.

*Succession of Horrell*, 11-1574, pp. 1-3, 102 So.3d at 140-41 (internal footnote omitted).

On April 12, 2010, a hearing was held on a petition for partial possession filed by the Horrells. On April 21, 2011, the trial court rendered a judgment of possession. Clare Horrell, the decedent's surviving spouse, died while the appeal of the judgment of possession was pending. No substitution of parties was made for Clare Horrell, as required by La. C.C.P. art. 801.[3]

On July 13, 2018, the provisional administratrix, Lisa Matthews, filed a petition to file final tableau of distribution, along with a tableau of distribution. On July 31 and October 23, 2018, Appellant filed two oppositions to the tableau of distribution. The trial court held a hearing on December 6, 2018, and the court signed a judgment dated December 7, 2018 approving and homologating the tableau. When the judgment was rendered, no one had been substituted to represent Clare Horrell. Appellant timely appealed the December 7, 2018 judgment.

## DISCUSSION

Although Appellant lists eight assignments of error, we find a single argument dispositive.

---

[3] Rule 2-9 of the Uniform Rules of Louisiana Courts of Appeal states that "[t]he rules and procedures for substitution of parties provided by LSA-C.C.P. Arts. 801-807 shall regulate the substitution of parties."

Appellant contends that the trial court erred in rendering the judgment homologating the tableau of distribution, knowing that one of the parties to the succession, the decedent's surviving spouse, Clare, had died on November 14, 2011, without a substitution of a proper party for her, as required by law.

We agree. A judgment for or against a deceased person is an absolute nullity. *Konneker v. Sewerage & Water Bd. of New Orleans*, 96-2197, p. 2 (La. App. 4 Cir. 11/19/97), 703 So.2d 1341, 1343; *Charia v. Allstate Ins. Co.*, 635 So.2d 370, 372 (La. App. 4th Cir. 1994); *Tiger Leasing, Inc., v. Johnson*, 544 So.2d 15, 16 (La. App. 4th Cir. 1989); *Simoneaux v. Sun Erection Co.*, 531 So.2d 1136, 1137 (La. App. 4th Cir. 1988).

The rules and procedures for substitution of parties are found in La. C.C.P. arts. 801-807. Article 801 provides for the voluntary substitution of a legal successor for a deceased party, as follows:

> When a party dies during the pendency of an action which is not extinguished by his death, his legal successor may have himself substituted for the deceased party, on ex parte written motion supported by written proof of his quality.

Article 801 further provides that "legal successor" means:

(1) The survivors designated in Article 2315.1 of the Civil Code, if the action survives in their favor; and
(2) Otherwise, it means the succession representative of the deceased appointed by a court of this state, if the succession is under administration therein; or the heirs and legatees of the deceased, if the deceased's succession is not under administration therein.

Article 2315.1 of the Civil Code sets forth the classes of survivors entitled to assume a pending action upon the death of a party plaintiff. The pertinent provision states:

> A. If a person who has been injured by an offense or quasi offense dies, the right to recover all damages for injury to that person, his

4

property or otherwise, caused by the offense or quasi offense, shall survive for a period of one year from the death of the deceased in favor of:

(1) The surviving spouse and child or children of the deceased, or either the spouse or the child or children.

We conclude that the judgment of possession and the judgment homologating the tableau of distribution rendered in favor of Clare Horrell are nullities. Upon the death of a litigant, a proper party plaintiff must be substituted to allow the action to continue. Because the judgment appealed is an absolute nullity, we dismiss the appeal, without prejudice. We remand this case to allow the substitution of a proper representative for the decedent, Clare Horrell, in accordance with La. C.C.P. art. 801. *See Simoneaux,* 531 So.2d at 1137; *Tiger Leasing*, 544 So.2d at 16.

## CONCLUSION

For all these reasons, we dismiss this appeal without prejudice and remand to the trial court so that it may substitute the succession representative or heir/legatee of Clare Horrell as a proper party to this succession.

**APPEAL DISMISSED WITHOUT PREJUDICE; REMANDED**